## In the Matter of the Construction of the Will of BERTHA BLAUAUG, Deceased.

Surrogate's Court, Bronx County, December 20, 1948.

*Arthur J. Kramer* for Samuel Boyet, as executor of Bertha Blauaug, deceased, petitioner.

HENDERSON, S. This is an application for an order to entertain a proceeding to construe a portion of a will. The facts alleged which necessitate a construction are as follows:

Herman Goldwasser and the petitioner herein are named as the executors in decedent's will. Herman Goldwasser was the sole petitioner on the probate, which was granted and thereafter letters testamentary were granted to him.

Paragraph "Fourteenth" of the will gives the residuary estate in equal shares to the decedent's two brothers and two sisters. The petitioner herein is one of the residuary legatees.

Paragraph "Sixteenth" states that if any legatee under the will shall directly or indirectly contest the will or dispute any clause or provision by legal action or proceeding, such legatee shall receive nothing under the will and the estate shall be distributed as though such contesting legatee had predeceased the testator.

Paragraph "Twentieth" provides that the probate proceeding and all legal matters connected with or arising out of decedent's will, and the administration, settlement and accountings thereunder shall be conducted by the counsel nominated in decedent's will.

The executor who probated the will and qualified did not observe the provision contained in paragraph " Twentieth ".

The petitioner does not desire and does not intend to retain the attorneys designated in paragraph " Twentieth ", and he is fearful that if he disregards the direction as expressed by the testator therein, he may lose his share in the residuary estate in view of the language in paragraph " Sixteenth ".

Furthermore, by reason of the unfriendly relations existing between the petitioner and one of the other residuary legatees herein, he anticipates that she will contend that his conduct in failing to retain the designated attorneys constitutes a contest or dispute of a clause or provision of the will.

It is elementary in this State that a testator has no power to bind or control his executors by designating an attorney for them in his will. (*Matter of Caldwell,* 188 N. Y. 115.)

This application is not entertained. No real necessity for the construction of the will at this time is apparent. " Courts of construction will not proceed to pass upon questions which are abstract or academic, or in anticipation of events or conditions which may never materialize." (*Matter of Gorsch,* 103 Misc. 156, 160; *Matter of Mount,* 185 N. Y. 162.)

Submit order.