ROBERT V. CARTON, J. GERARD CARTON, JAMES D. CARTON, JR., J. VICTOR CARTON, AND FORMAN T. BAILEY, PARTNERS TRADING AS DURAND, IVINS & CARTON, AND THOMAS D. NARY, AS GUARDIAN AD LITEM OF GAYLE BEVERLY BORDEN, PLAINTIFFS-APPELLANTS, v. HOWARD STANLEY BORDEN AND ELEANOR JANE BORDEN, EXECUTORS AND TRUSTEES UNDER THE LAST WILL AND TESTAMENT OF HOWARD L. BORDEN, DECEASED, DEFENDANTS-RESPONDENTS.

Argued December 3, 1951—Decided December 21, 1951.

Mr. *Robert V. Carton* argued the cause for the appellants.

Mr. *Ward Kremer* argued the cause for the respondents.

The opinion of the court was delivered by

VANDERBILT, C. J. This is an appeal by the plaintiff law firm and Thomas D. Nary as guardian *ad litem* of the infant, Gayle Beverly Borden, from a judgment of the Chancery Division of the Superior Court dismissing their suit on its own motion before they had completed the presentation of their testimony. The appeal taken to the Appellate Division of the Superior Court has been certified by us on our own motion.

The will of the late Howard D. Borden named his son, Howard Stanley Borden, and his daughter-in-law, Eleanor Jane Borden, the defendants herein, as his executors and trustees. He also made them beneficiaries for life of the trust set up in the will with their three children as remaindermen. Two of the children are of age, the third is 15 years old. The will directed the executors and trustees to retain Durand, Ivins & Carton as attorneys in the administration of the estate and the trust.

While acting as attorneys for the executors and trustees the plaintiff law firm learned facts from which they concluded that the defendants were converting a considerable part of the principal of the estate to their own use. Deeming it their duty to make disclosure of the facts to the court, they filed a complaint in the Superior Court charging the defendants with several acts of conversion and mismanagement of the estate. Specifically the defendants were charged with and admitted in their answer converting $4,000 in government bonds to the use of the defendant Howard Stanley Borden. On his direct examination at the trial it developed that he had converted an additional $2,000 in government bonds. In extenuation it was urged that it was done with the consent of the two elder children. The complaint also charged the defendants with the conversion of an interest in a mortgage for $19,500. This the defendants likewise admit in their answer except as to $4,409.45, which were proper charges against the estate. They plead that the balance of the mortgage was used to educate their son in college and

to maintain a home for themselves and their children with the knowledge and consent of the three children. The complaint likewise charges the defendants with entering into a contract to purchase the dwelling house known as 115 Madison Avenue, Spring Lake, N. J., for $25,000 and with selling trust securities to buy the premises. The defendants in their answer admit entering into the contract and selling about $15,000 of trust securities to enable them to carry out the contract. They are also charged with and they likewise admit having failed for nearly two years to have paid a legacy of $2,000 to Gretchen Coward.

The plaintiff law firm sought to enjoin the defendants from disposing of the assets of the estate, to compel them to account, to have them adjudged to hold in trust for the estate of Howard L. Borden the property converted by them, to be surcharged for any losses and to be removed as executors and trustees. Preliminary restraint was consented to by the defendants and Thomas D. Nary was appointed guardian *ad litem* for the infant daughter, Gayle, with instructions to examine into the matter of the proposed purchase of 115 Madison Avenue, Spring Lake, N. J., and the proposed sale of 1017 Fourth Avenue, Asbury Park, N. J., and to report to the court. By a consent order the guardian *ad litem* was later given leave to interpose in the action as a party plaintiff with like effect as if he had been named as original party plaintiff.

At the conclusion of the direct examination of the plaintiff's first witness, the defendant Howard Stanley Borden, the trial court on its own motion raised the question of the jurisdiction of the Superior Court and, deciding that the case properly belonged in the County Court, dismissed the complaint. The trial court also held, that the plaintiffs had no interest in the subject matter sufficient to support their bringing this action. From the judgment of dismissal all of the plaintiffs appeal.

The plaintiff firm of attorneys argue that they have standing to bring this action by virtue of the provision in

the will directing the defendants to retain and employ them as attorneys. They point out to the court that they have acted reluctantly in bringing suit and have done so only out of regard for their obligations as officers of the court. They cite *In the Matter of Stein*, 1 *N. J.* 228 (1949), where an attorney was disbarred for failure to disclose to the court the true facts when he learned them with respect to a fraudulent affidavit of non-collusion in a divorce case. There the court held (at *p*. 236) :

"Where there is revelation of a fraud about to be perpetrated upon a court of which an attorney is an officer, there is a definite obligation upon and we conceive it to be the duty of that attorney to communicate and make a full disclosure of such to the court, when the matter is not privileged."

And further (at *p*. 236) :

"The claim of 'privilege' is that of the client and a fraudulent object or purpose puts him beyond the pale of the law's protection."

■■ Despite the binding obligation imposed by the law on the plaintiff law firm in the circumstances of the instant case to inform the court of the facts known to it, and despite the fact that the plaintiff law firm quite naturally feels an especial responsibility to the testator in the light of his testamentary direction that they be retained as attorneys for the estate, we cannot but conclude that they have no standing to bring this action against the defendants. The direction in the will does not give them a vested right to serve the executors and trustees.

"Where the direction is to employ a person as attorney of the executor or trustee in the administration of the estate, it is held by the weight of authority that the direction is not binding. A majority of the courts have taken the view that it is unjust to the trustee to compel him to employ as an attorney a person in whom he may lack confidence, where the result might well be disastrous to the administration of the trust, and that it is therefore against public policy to compel the trustee to employ him. It is held not only that the designated person cannot specifically enforce the direction of the

testator to employ him, but that the trustee incurs no liability to him either personally or as trustee for failure to employ him." *Scott on Trusts* (1939), § 126.3, *p.* 650.

See also *Clapp, Wills and Administration* (1950), § 505, *p.* 456. The plaintiff law firm's obligation to the court would be satisfied by bringing the matter to the attention of the court in which the matter was pending in such effective manner as they may deem advisable so that the court might on its own motion order an accounting and, if necessary, impose immediate restraint. Moreover, litigation between attorneys and clients, which is to be deprecated whenever avoidable, would be obviated and the will of the testator and the rights of the beneficiaries adequately protected.

■ The guardian *ad litem*, however, stands in a different position. The infant he represents is directly affected as a remainderman by the admitted misconduct of the defendants. By a consent order the guardian *ad litem* was given the standing of a plaintiff and as such he has appealed. The defendants contend that the power of the guardian *ad litem* ceased when the order of dismissal was entered in the trial court, but it is unthinkable that the right of appeal of any party may be so terminated, least of all the representative of a ward of the court. This would seem to be peculiarly true where, as here, the guardian *ad litem* was made a party plaintiff by consent, and by appealing has evinced his opinion that it is necessary for him so to do to protect the interests of his ward.

■ Nor can there be any doubt of the jurisdiction of the Superior Court to grant part of the relief sought by the plaintiffs, but in its discretion it may decline to exercise such jurisdiction in a case where a will has been probated in the County Court where the estate is being administered there, and where the County Court likewise has jurisdiction to grant the relief sought by the plaintiffs. There are cases where it may be necessary to resort to the Chancery Division of the Superior Court instead of the surrogate's court or the County Court in order to obtain complete justice in a single

proceeding, see *In re McFeely,* 8 *N. J.* 9, 14 (1951) and the decisions there cited, but this case does not fall within that category. The County Court has ample jurisdiction to give all parties in interest complete relief.

While this is so, we cannot overlook the fact that defendants have consented to *ad interim* restraint. In these circumstances and with the interest of an infant at stake, a court with jurisdiction such as the trial court has should not have left the infant plaintiff without protection against further abuse of fiduciary obligations by the defendants pending appropriate action in the County Court. The problem of the exercise of jurisdiction and the protection of the rights of the infant beneficiary should have been met by holding the complaint and continuing the restraint imposed by consent as well as the guardian *ad litem* until the plaintiffs shall have advised the County Court of the facts in the case in such manner as they may deem advisable and until the County Court has directed appropriate proceedings and imposed adequate restraints on the defendants.

The judgment of dismissal is accordingly reversed without costs to either party with the direction to hold the complaint and to continue the restraints heretofore imposed until the plaintiffs have informed the Monmouth County Court in such manner as they may deem advisable concerning the facts of the case and until that court has directed appropriate proceedings and imposed adequate restraints on the defendants.

*For reversal*—Chief Justice VANDERBILT, and Justices CASE, HEHER, OLIPHANT, BURLING and ACKERSON—6.

*For affirmance*—Justice WACHENFELD—1.