56 So.2d 176 (1952)
Succession of MARTIN.
No. 19736.
Court of Appeal of Louisiana, Orleans.
January 7, 1952.
Rehearing Denied February 4, 1952.
Frederick G. Veith, New Orleans, attorney for executrix, appellant.
Harry Pelias, New Orleans, attorney for opponent, appellee.
Alva S. Weatherford, New Orleans, in propria persona.
JANVIER, Judge.
When Mrs. Madeline Martin, widow of Charles F. Lips, died in New Orleans on February 9, 1950, she left an olographic will by which she bequeathed her entire estate to her niece, Mrs. Gertrude Mollegan, widow of Edward J. Conway. She named Mrs. Conway as executrix with seizin and without bond. That will also contained the following provision: "I appoint Alva S. Weatherford attorney to handle my succession."
The designated executrix consulted Miss Weatherford, who then filed the necessary petition for the probate of the will and for the issuance of letters of administration to Mrs. Conway. In this petition the taking of an inventory was prayed for. The inventory was taken and it appears from it that the total value of decedent's estate was $13,103.69. Miss Weatherford then prepared a petition in which this total value of the estate was set forth as well as the debts, the total of which was substantially less than the value of the estate. In this petition Mrs. Conway asked for the fixing of the inheritance tax and that she be sent into possession of the entire estate. To this petition there were attached exhibits showing in detail the debts and expenses and also the costs and fees.
On one of these exhibits the fee of Miss Weatherford as attorney was set down at $655.18, being 5 per cent of the inventory value of the estate. Mrs. Conway signed this petition, but before it could be filed there arose a dispute over the amount of the fee of the notary who had taken the inventory and Mrs. Conway left Miss Weatherford saying that she would consult Mr. Fred Veith concerning this fee of the notary. Thereafter, without notifying Miss Weatherford, Mrs. Conway, through another attorney, filed a final account in which the fee of Miss Weatherford was set down as $400 and in which there was also set down an additional fee of the new attorney amounting to $220.18. This was set down as a fee for "attorney for executrix."
*177 Miss Weatherford filed opposition to this account, claiming that her fee should be set down as $655.18. There was judgment in favor of Miss Weatherford fixing her fee at that amount, and the executrix has appealed.
The record shows plainly that the executrix agreed to the fee of the attorney as $655.18 or 5 per cent of the inventory value of the estate. It also shows that Mr. Veith who was consulted by Mrs. Conway agreed that the fee should be approximately $600 and that no objection was made until the dispute arose as to the fee of the notary which is in no way involved in this opposition.
The record shows also that, according to the minimum fee bill of the New Orleans Bar Association 5 per cent is the minimum fee for the attorney where there is an administration of such a succession as this.
In addition to this, the account of the executrix, which was actually filed and which Miss Weatherford has opposed, shows a fee for Miss Weatherford of $400 and a fee of $220.18 as the additional fee for the attorney who apparently completed the necessary proceedings for placing Mrs. Conway in possession. These two items show that the attorneys who are now employed by Mrs. Conway obviously felt that the total fee should be something over $600.
It is well settled that the right of an attorney who is named in the will of the decedent to handle the succession proceedings and to be paid therefor must be recognized. In Succession of Rembert, 199 La. 743, 7 So.2d 40, 42, the Supreme Court said: "* * * In so qualifying, however, Mrs. Jones has obligated herself to accept the legal aid and advice of Claude L. Johnson, the designated legal adviser of the estate. She is as powerless to deprive him of his right to act as legal adviser of the estate as he is to deprive her of her right to execute the same. Mr. Johnson has the right to resist his supersession by counsel of Mrs. Jones' choice. Of course, if Mrs. Jones desires the private advice and counsel of her attorneys, that is a matter between her and her attorneys."
The record discloses no justification sufficient to authorize the displacement of the attorney named in the will and particularly it shows that, without any notice whatever to the attorney who had been so named, a new attorney was employed.
We see no reason to disturb the judgment rendered below.
Accordingly, the judgment appealed from is affirmed at the cost of appellant.
Affirmed.