96 So.2d 457

Bryan CHANCEY

v.

E. L. WEST et al.

6 Div. 868.

Supreme Court of Alabama.

June 27, 1957.

Robt. S. Gordon and Chas. Cleveland, Birmingham, for appellant.

Pritchard, McCall & Jones and Victor H. Smith, Birmingham, for appellees.

COLEMAN, Justice.

Appellant filed a petition for declaratory judgment against appellees praying for a construction of item five of the will of Jess Felix Holley, deceased. The appellees are the executors of said will and the legatees and devisees thereunder.

The petition alleges that said will was duly probated in the Probate Court of Jefferson County, that letters testamentary had been granted to the executors named in said will, and thereafter the administration of said estate had been duly transferred to the circuit court, in equity, in which court appellant filed his said petition for declaratory judgment.

The petition further avers that item five of said will contains the following provision:

"'I hereby direct that Bryan Chancey of Birmingham, Jefferson County, Alabama, now my good friend and attorney, be and act as the attorney for my executors in the administration of the terms and provisions of this will and of my estate.'"

The appellant is the attorney mentioned in said item five. The petition shows that

appellant had been employed as attorney for the probate of said will; that appellant is now and has been ready, willing and able to continue to act as attorney for said executors in the administration of said estate in accordance with said will and has so advised said executors; that said executors, however, have notified appellant that they desire to terminate his services as attorney for them in the aforesaid administration and to obtain other counsel; and that the executors insist they have discharged appellant as said attorney.

The petition avers that a justiciable controversy exists between appellant and said executors in that appellant claims that said item five is binding upon the executors and "in effect makes your petitioner a beneficiary of said estate." On the other hand, said executors contend that said item five is not binding upon them and that they are under no legal or equitable duty to comply therewith and that they have the legal right to discharge petitioner as attorney for said executors. The petition prays for a declaration of the rights of the parties and that the court will decree that petitioner is entitled to act as attorney for said executors in accordance with item five of said will; that the court will further decree that petitioner is a beneficiary of the estate of testator; and that under item five of said will, petitioner's right to serve as such attorney cannot be terminated by said executors so long as petitioner is ready, willing and able to perform the services required of him in accordance with said item five of said will.

The respondents, executors aforesaid, demurred to said petition on numerous grounds, among which are the following:

"3. For that it does not appear that as a matter of fact or of law the complainant has a right to maintain this action for declaratory judgment.

"4. For that the complainant is not shown to be interested as or through [as] executor, administrator, trustee, guardian, or other fiduciary, creditor, devisee, legatee, heir, next of kin or cestui que trust in the administration of a trust or of the estate of the said Jess Felix Holley, deceased.

"5. For that it affirmatively appears that the administration of the Estate of the said Jess Felix Holley is pending in this Honorable Court and said bill of complaint or petition shows no facts or reasons why the complainant cannot obtain full and complete relief by petition in said administration proceedings without subjecting these respondents to the expense and annoyance of defending a separate suit in this court."

In his decree, the trial judge stated the following reason for sustaining the demurrer:

"That the petition shows on its face that the Estate of Jess Felix Holley, deceased, is being administered in this Court and that the matters set forth in the petition for declaratory judgment should be determined by petition filed in the pending administration, and the Court is therefore of the opinion that the said petition for Declaratory Judgment was improvidently filed as a separate cause of action."

From the decree sustaining the demurrer and dismissing the petition, appellant has appealed to this court.

Appellant's argument is directed to two propositions. The first proposition is that the decree of the chancellor is erroneously based on the reason that appellant's petition ought to have been filed "in the pending administration" instead of being brought, as it was, in a separate suit.

We are not clear to the conclusion that the reason stated in the decree is sufficient to sustain the demurrer, but we pretermit further consideration thereof because we are of opinion that grounds 3 and 4 of the demurrer, which are set out in this opinion, were sufficient to sustain the decree appealed from.

"And when the decree refers to certain grounds as good, and on appeal this

court finds that those grounds thought by the trial court to be good are not good, but other grounds are good, the decree will not be reversed for assigning the wrong reason for the ruling. Tatum v. Tatum, 111 Ala. 209, 20 So. 341." American Life Ins. Co. v. Powell, 260 Ala. 574, 576, 71 So.2d 872, 873, 874.

" * * * We are not limited to a consideration of those grounds of the demurrer which appear from the opinion of the trial court to have been considered as well taken. L. W. Richardson & Co. v. Town of Hamilton, 248 Ala. 585, 28 So.2d 924." Montgomery v. Drinkard Auto & Truck Co., 257 Ala. 685, 687, 60 So.2d 823, 824, 825. See, also: Ala. Digest, Appeal and Error, ☞ 854(3), and cases there cited.

■ The second proposition argued by appellant is that item five of the will requires the executors to employ appellant to represent them in administering the estate.

Title 7, § 159, Code 1940, specifies certain persons who may have a declaratory judgment construing a will. If appellant comes within any class there enumerated, then appellant might sustain his right to a declaratory judgment in the premises. On the other hand, if appellant is not one of the persons expressly given such a right by the statute, we do not think he has a sufficient interest in the subject matter of this suit to enable him to maintain it.

This court in enumerating the requirements for declaratory judgment has made the following statement:

"An eminent authority in the field has summarized the prerequisites of action for declaratory judgment in this way: ' * * * the conditions of the usual action, procedural and substantive, must always be present, namely, * * * a sufficient legal interest in the moving party to entitle him to invoke a judgment in his behalf. * * *'

Borchard, Declaratory Judgments, 2d Ed. (1941), p. 26. * * *." Love v. Rennie, 254 Ala. 382, 389, 48 So.2d 458, 465.

Another treatise on declaratory judgments contains the following statement:

"The plaintiff's pleading must state facts sufficient to state a cause of action in the plaintiff, or differently stated, to state a cause of action entitling the plaintiff to declaratory relief, and this rule is not complied with by a pleading that merely states a cause of action as an abstract proposition.

"Not only must the complaint of the plaintiff state a cause of action in the plaintiff, but it must also show that the court has jurisdiction of the particular cause of action alleged.

"If it appears from the plaintiff's pleading that in no event could the plaintiff have a declaration, then a dismissal of the action is the proper judgment to enter." Actions for Declaratory Judgments, Anderson, Vol. 1, pages 602, 603.

Thus it appears that if item five of said will is not binding on the executors, then appellant does not have the interest necessary to maintain his action and grounds 3 and 4 of the demurrer were well taken.

" * * * This court has said that, 'Ordinarily where the bill for a declaratory judgment shows a bona fide justiciable controversy which should be settled, the demurrer thereto should be overruled and a declaration of rights made and entered only after answer and on such evidence as the parties may deem proper to introduce on submission for final decree.' * * * In other words 'the test of the sufficiency of a complaint in a declaratory judgment proceeding is not whether the complaint shows that the plaintiff will succeed in getting a declaration of rights in accordance with his theories and contentions but whether he is entitled to a

declaration of rights at all.' Authorities supra. But where a situation is presented where both parties assert rights dependent on a specific construction and a question of law is presented, a declaration of rights will be made where the question is raised by demurrer. * * *" Darling Shop of Birmingham v. Nelson Realty Co., 255 Ala. 586, 590, 52 So.2d 211, 214.

█ In the instant case, a determination of appellant's right to have a declaratory judgment requires a decision as to the force and effect of the above quoted provision from item five of the will.

The construction of such a provision in a will, as appellant states in brief and so far as our research has shown, is a question of first impression in this State. Other states are divided on the question. The minority view is found in Louisiana where it is held that a provision in a will directing the appointment of an attorney to handle the legal affairs of the estate is valid and binding on the executor.

An opinion of the Supreme Court of Louisiana recites, in pertinent part, as follows:

"Anthony Battistella died leaving a will by which he distributed his estate, named an executor, and designated plaintiff, an attorney at law, to settle his estate in Louisiana.

"Plaintiff tendered his services to the widow and heirs, legatees under the will, and to the executor, but they declined his services, employed other attorneys, and settled the estate of the deceased without calling on plaintiff to render any services in connection therewith.

"Plaintiff brings this suit against the said widow and heirs to recover from them the amount of the fees to which he would have been entitled had the provisions of the will been carried out and himself been employed to settle the succession.

"The only question presented is whether such a designation in a will is valid and binding on those who take under the will.

"If such a designation be not binding on those who take under the will, then the reason must be because such designation is contrary to law or good morals, or in violation of some well-recognized public policy. For 'the donor may impose on the donee any charges or conditions he pleases, provided they contain nothing contrary to law or good morals.' R.C.C. 1527, 1519.

"But there is nothing contrary to good morals in such a designation, and there is no law which forbids it. It is certainly not contrary to any public policy of the state, for it introduces no new tenures unknown to the law, but merely designates the method and channel through which the estate shall be settled and turned over to the beneficiaries under the will. And this is entirely within the rights of the testator. See Succession of Serres, 135 La. 1005, 66 So. 342. And, moreover, the Legislature has expressly recognized that such a designation is not contrary to the public policy of the state, by making such designations binding upon *banks* when appointed executors or trustees. Act 45 of 1902; Act 107 of 1920.

\* \* \* \* \* \*

"We are referred to several cases from other jurisdictions wherein it was held that such a designation is not binding, to wit, [Authorities omitted].

"But all these cases proceed upon the theory that the naming of an attorney may be distasteful or disadvantageous to the executor, and entirely overlook the fact that the testator may impose such conditions as he sees fit on his executor, and the latter is free to accept or decline the trust if not satisfied with the conditions imposed.

"But, be that as it may, the law of this state is that within certain limits,

not pertinent here, a testator (donor mortis causa) may .impose such conditions on his gratuities as he sees fit. [Authorities omitted.]" Rivet v. Battistella, 167 La. 766, 767, 768, 769, 770, 120 So. 289, 290.

The minority rule as applied in Rivet v. Battistella, supra, resulted in a judgment in favor of the attorney named in the will and against the widow and heirs, for $3,500, although the opinion shows that other attorneys were employed and the estate was settled "without calling on plaintiff to render any services in connection therewith." See also: Succession of Feitel, 187 La. 596, 175 So. 72; Succession of Martin, La.App., 56 So.2d 176; Succession of Rembert, 199 La. 743, 7 So.2d 40.

For a case where the fact situation was distinguished from the cases cited in 166 A.L.R. 491, see In re Ogg's Estate, 262 Wis. 181, 54 N.W.2d 175.

The majority view holds such a provision merely advisory and that the executor may disregard it. The reasons for so holding have been stated as follows:

"The will contained the words 'I direct that Ralph E. Moody * * * be selected as the attorney for my executors.' The general rule is that even when such words as 'direct,' 'command,' or 'appoint' are employed in such a connection, the provision should not be deemed to be testamentary in character, and the executor is not bound to employ the attorney named by the testator.

"'In the United States, a provision in the will selecting a certain person as attorney is generally held not to be binding. This result is generally reached on the theory that the provision is merely advisory, although the language which is used frequently sounds quite mandatory. In some of the cases stress is laid on the fact that the executor is personally liable for the management of the estate; and that he ought not be bound to accept an attorney whom he does not select. It has also been said

that there is "no testamentary power to control executors in the choice of * * * attorneys."' 1 Page, Wills, 3rd Ed., § 49, p. 109.

"This court had occasion to consider the following provision in the will of George W. Pickett:

"'I appoint Geo. B. Dorris, attorney at law, to assist the executor in settling my estate.' [In re] Pickett's Will, 49 Or. 127, 137, 89 P. 377, 380.

"The court said:

"'The provision of the will above referred to cannot be construed as giving or making to Dorris "any beneficial * * * appointment of or affecting any real or personal estate," nor can it be construed to be anything more than an advisory provision, which the executor may follow or disregard according to his· own judgment. It confers no rights upon the appointee. Young v. Alexander, 16 Lea [Tenn.] 108.

"'The fact that Dorris is acting as an attorney for the executor in the settlement of the estate, and in this contest, is of no consequence; for he could not do so without the executor's consent and employment of him, and to him Dorris must look for his fees. The appointment of an attorney is personal to an administrator or executor. Waite v. Willis, 42 Or. 288, 70 P. 1034.' [In re] Pickett's Will, supra.

* * * * * *

"* * * The appointment of an attorney for the executor is not a testamentary act, nor is it a bequest to the attorney. * * *

* * * * * ·*

"A testator has the right to exercise extensive and detailed control over the disposition of his estate by adopting the simple device of a trust, and he may vest his trustee with discretionary power if he will. But it is a different

matter to attempt to control the executor, whose duties are statutory and who operates under the supervision of the probate court, by compelling him to employ a named attorney. *The executor is himself a fiduciary, responsible for the performance of his duties and liable for his failures.* It is essential that he should have the selection of the attorney who is to assist him in the performance of the duties imposed upon him by law and for the failure to perform which he might be personally liable.

"It is equally important that he should have the right to remove an attorney and substitute a new one without subjecting the estate to liability beyond the value of services rendered. The executor is not only controlled by the law, but he is subject to supervision by the court. The construction put upon the will by the appellant would hamstring both the executor and probate court. It must be rejected." (Emphasis supplied.) In re Lachmund's Estate, 179 Or. 420, 435, 436, 437, 438, 439, 170 P.2d 748, 755, 756, 166 A.L.R. 479, 488, 489, 490.

The majority rule has also been stated as follows:

" * * * The law of this state does not recognize any testamentary power to control executors in the choice of the attorneys or counsel who shall act for them in their representative capacity. They may incur a personal liability for the conduct of their lawyers, and hence they are beyond the control of their testator in making the selection. Such a provision, therefore, as this will contains in reference to the attorneys to be employed, is to be regarded merely as expressive of a wish on the part of the testator which it is most proper for the executors to observe, if it accords with their own judgment, but which otherwise they are not bound to regard." In re Caldwell, 188 N.Y. 115, 121, 80 N.E. 663, 664.

For other authority supporting the majority view, see the following: 166 A.L.R. 491; 33 C.J.S. Executors and Administrators § 223, p. 1212, note 96; 21 Am.Jur. 502, § 232; In re Ogier's Estate, 1894, 101 Cal. 381, 35 P. 900, 40 Am.St.Rep. 61; Highfield v. Bozio, 1922, 188 Cal. 727, 207 P. 242; Carton v. Borden, 1915, 14 N.J. Super. 308, 81 A.2d 818, reversed at 8 N.J. 352, 85 A.2d 257, on other grounds; In re Thistlethwaite, Sur., 1907, 104 N.Y.S. 264; In re Wallach, 1914, 164 App.Div. 600, 150 N.Y.S. 302, affirmed at 215 N.Y. 622, 109 N.E. 1094; In re Blauaug's Will, 1948, 193 Misc. 744, 85 N.Y.S.2d 45; In re Sherman's Estate, Sur., 1951, 104 N.Y. S.2d 988; In re Pickett's Will, 1907, 49 Or. 127, 89 P. 377; Young v. Alexander, 1885, 84 Tenn. 108; Mason & Mason v. Brown, Tex.Civ.App.1944, 182 S.W.2d 729.

We are of opinion that an executor should not be forced against his will to employ an attorney upon whose judgment the executor does not wish to depend and whose advice the executor might not confidently follow. The relation of attorney and client is a confidential one and should be based on mutual trust. Such a relationship forced on the client against his will would certainly not be conducive to an atmosphere of reciprocal confidence.

We are persuaded that the majority view is founded on the better reasoning and we adopt that view.

It follows that grounds 3 and 4 of the demurrer were well taken and the decree sustaining the demurrer should be affirmed.

Affirmed.

All the Justices concur except STAKELY, J., not sitting.