ROGER P. BENEZET *v.* ERNIE NOWELL AND
BISHOP NATIONAL BANK.

No. 4008.

ARGUED MAY 22, 1958.                    DECIDED JUNE 16, 1958.

RICE, C. J., STAINBACK AND MARUMOTO, JJ.

OPINION OF THE COURT BY STAINBACK, J.

The plaintiff-appellee, an architect licensed in the Territory of Hawaii, brought an action for $1,200 as the reasonable value of architectural services furnished the defendant at defendant's request. Defendant filed a counterclaim asking for damages, alleging unreasonable delay

and unsatisfactory work by plaintiff, and that such delay caused defendant damages to the extent of $15,000. The case was tried on July 24, 1956, without a jury, and taken under advisement by the trial judge. Thereafter, after defendant's attorney was orally requested by plaintiff's attorney to be present, on July 26, an oral motion was made by plaintiff in open court, and granted by the court, to reopen the case for the taking of additional evidence. Defendant's attorney was present at the hearing on the motion and made objection to the granting of the motion as follows: "For the record, we would like to object to it as being improper at this time. The case was concluded and the case was also taken under advisement. We object to the reopening of the case at this time." No objection was made to hearing the motion because of lack of written notice or any notice to the defendant. After the reopening, additional evidence was introduced in the form of daily work record invoices showing the work and expenses incurred by plaintiff with respect to the preparation of preliminary plans. Judgment was rendered for plaintiff in the amount of $803.87. Appeal to this court followed.

It appears that defendant was desirous of erecting a hotel upon his premises at Waikiki and under an oral contract engaged the plaintiff as an architect to prepare plans. He wished to complete the hotel at an early date, stating he wanted it completed by July. He was told it would take six months' work after the plans were completed, which would require the plans to be completed on January 1st; that it would be impossible as plaintiff could not turn loose all his office force on this project until the middle of January when he would be through the high-priority work for the City and County upon which he was then engaged. Preliminary plans were prepared for the purpose of aiding defendant to obtain financing. Apparently defendant being unable to effect

said financing, he decided to go ahead with the building, and plaintiff was asked to proceed with working drawings and complete them as soon as possible. According to the findings of the judge, defendant had full knowledge of this prior employment.

Defendant's contention that time is of the essence does not appear from the evidence or from the findings of the judge.

At law, as well as in equity, the question of whether time is of the essence is to be determined by the intent of the parties. Ordinarily time is not of the essence unless made so by express stipulation or unless there is something connected with the purpose and surrounding circumstances of the contract which make it apparent that the parties intended that the contract must be performed at or within a time named. (12 Am. Jur., *Contracts*, § 306, p. 861.)

The testimony shows preliminary work on the plans was being done and defendant made frequent visits to plaintiff's office in connection therewith. It appears from the testimony and from the findings of the judge that no express promise was made as to the time of completion, and from the conduct of the parties there was no implied promise to that effect. In spite of the information given defendant that it was impossible to complete the drawings by the end of December, the defendant continued plaintiff on the job until December 28 when he dismissed him. There is ample evidence to sustain the finding of the trial judge upon this point.

Counsel for appellant devotes most of his brief to the proposition (citing numerous authorities dealing with the rule, but under other circumstances) that the reopening of the case and the introduction of additional evidence was "improper" as no written motion was filed as required by Rule 7 (b) (1) of the Hawaii Rules of Civil Procedure.

This rule provides "An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought. The requirement of writing is fulfilled if the motion is stated in a written notice of the hearing of the motion."

The purpose of a motion in writing is to give notice to the opposite party and state the grounds of the motion. There is nothing sacrosanct about the writing. The defendant was notified orally to appear upon the motion, he did appear, and argument was had. The defendant did not object to the lack of notice or lack of writing but, as stated *supra,* upon the ground that the case was concluded and objection was made to the reopening at that time, namely, after the case was concluded.

Had defendant at that time objected to the lack of written notice, the court possibly would have postponed the hearing if the defendant was not prepared to go ahead with the hearing upon the motion. As this was not done, written notice was waived, as every purpose that would be served by a written motion, that is, the time of hearing and the grounds, was made known to defendant.

It is elementary that the reopening for the taking of additional evidence was within the discretion of the court. (6 Moore, *Federal Practice,* 2d ed., p. 3725.) There was no error committed by the trial court in reopening the case and receiving additional evidence.

Another point made by the defendant is that he engaged plaintiff to do complete working drawings for a single consideration and that he was entitled to nothing less, citing authorities to the effect that the general rule is that a "defaulter" who partially performs an entire and indivisible contract is not entitled to any remuneration from the other party for any work done by such indivisible

contract. However, the answer to this is that it was the defendant, not the plaintiff, who breached the contract. Under such circumstances, "Where full performance of an entire contract for services is prevented by the other party to the contract, it is universally agreed that compensation must be allowed for the services rendered. * * * So, a building contractor who is prevented by the other party from completing the contract may recover compensation for the work performed and the materials furnished pursuant to the contract." (58 Am. Jur., *Work and Labor*, § 44, pp. 546, 547.)

Relative to architects and their contracts to complete plans, it is stated "If the contract of employment is breached by the employer by wrongful discharge of the architect, the latter's rights are analogous to the rights of any other person whose employment contract is wrongfully terminated. If such wrongful termination is made before the plans are completed, the architect is entitled to recover for work done upon them." (3 Am. Jur., *Architects*, § 12, p. 1006.)

In *Stephen* v. *Camden & Philadelphia Soap Co.*, 68 Atl. 69 (N. J.), the court stated:

"Where the plaintiff, an architect, had prepared plans for the erection of a building under a written contract with defendant, providing compensation on a fixed percentage of its cost, the plaintiff also contracting to supervise the work to be done upon the building for such percentage, and subsequently the defendant, without right, abandoned the undertaking so that supervision became impossible, *held,* that the plaintiff might recover of defendant the reasonable value of his services performed before such abandonment."

The court stated as follows in *Holman* v. *Updike*, 94 N. E. 689 (cited by Corbin, footnote, page 475):

"Where a party, contracting for the preparation by the adverse party for a lump sum of a set of drawings, ordered the adverse party to cease work before the completion thereof, the adverse party could elect to rescind, and sue for the value of the labor done and materials furnished."
Affirmed.

*John E. Ahrens* (also on the briefs) for appellant.
*Edward Berman* (also on the brief) for appellee.