## WILLETHA KEATING *v.* JOHN KEATING.

### No. 4032.

Argued November 5, 1958.          Decided November 12, 1958.

Rice, C. J., Stainback and Marumoto, JJ.

*Per Curiam.* Appellant, John E. Parks, was the original attorney of record for Willetha Keating, libellant, in her divorce action against John Keating, libellee. In addition to appellant, libellant had retained George T. Davis, a member of the California bar, as her attorney.

Appellant and Davis worked together in negotiating a property settlement agreement for libellant. The agreement, as finally nego-

tiated, provided for the payment of $2,500 by libellee to appellant for his fee as libellant's attorney. That sum included the sum of $750 that appellant had previously received from libellee, pendente lite, for services and costs. Appellant claimed an additional fee of $3,410 from libellant. There was no definite agreement between appellant and libellant for the payment of such additional fee.

On the day that the libel for divorce was set for hearing, appellant asked libellant to sign a promissory note for the additional fee. Upon libellant's refusal to sign the note, appellant caused the case to be taken off the circuit judge's calendar for that day. Thereupon, libellant retained John F. Alexander as her attorney in appellant's stead. After a hearing, the circuit judge approved the appearance of Alexander as libellant's attorney of record and permitted Davis to be associated with Alexander. Davis then presented evidence to the circuit judge on the libel for divorce, and the judge entered a decree which, in addition to dissolving the marriage relationship between libellant and libellee, approved the property settlement agreement executed by them.

The case is before us on appellant's appeal from the decree of divorce and the order substituting Alexander and Davis as libellant's attorneys in appellant's stead.

In our consideration of the appeal, the first question that occurs to us is appellant's standing in this court. Under H.R.C.P., Rule 73 (a), only a party may appeal. Appellant was not an original party in the divorce action. However, Federal appellate courts uniformly hold that an attorney who is aggrieved by an order substituting another attorney in his stead may appeal from such order. (*The Flush,* 277 Fed. 25, *Doggett* v. *Deauville Corporation,* 148 F. [2d] 881; *Borgmeier* v. *Stone,* 233 F. [2d] 818.) We agree with the foregoing authorities. Appellant is properly before this court on appeal.

Appellant complains that the order of substitution was entered without the filing of a written motion for that purpose and without notice to him of the filing of the motion. A party may not complain about the absence of a written motion if he has been accorded ample opportunity to present his case. Nor may he complain of the absence of formal notice if he has appeared and actively partici-

pated in the presentation of his case. (*Benezet* v. *Nowell,* 42 Haw. 581; *People* v. *Sherwin,* 354 Ill. 371, 188 N. E. 484.) Here, appellant had notice of the contemplated appearance of Alexander as libellant's attorney and actively participated in the hearing which preceded the approval of substitution.

Appellant's principal complaint is set forth in his statement of the question presented on this appeal, namely: "It was error for the trial judge under the facts and circumstances of the case, to dismiss appellant and substitute Attorney Alexander and Attorney Davis before libellant had paid or secured the fee owed by her to appellant."

Approval of substitution of attorney may be conditioned on the payment of fee for services already rendered. But there is no absolute requirement that such condition be imposed. The matter rests within the reasonable discretion of the court. (*Wilkinson* v. *Tilden,* 14 Fed. 778; *Du Bois* v. *New York,* 134 Fed. 570; *Silverman* v. *Pennsylvania Railroad Company,* 141 Fed. 382; *United States* v. *McMurtry,* 24 F. [2d] 145; *Doggett* v. *Deauville Corporation, supra.*)

In this case, the circuit judge approved the substitution of Alexander and Davis as libellant's attorney in appellant's stead without making any disposition with regard to additional fee claimed by appellant. He relegated the determination of that question to a plenary action between appellant and libellant. In so doing, he stated to appellant:

"I am prepared to rule on this one point, and that is under the circumstances brought forth as developed by the testimony of the various witnesses and the credibility which the Court must necessarily attach without attempting to pass on the propriety of the total amount of the bill submitted by you or whether you are entitled to an additional amount, I feel that under the circumstances—I am directing myself now only to the propriety of Mrs. Keating's not having the right to terminate your services—under these particular facts and circumstances I can't help but feel that when the situation develops to this point that the client does have the right to retain other counsel, and you in turn have the right to bring proceedings against her for

54

the difference in the amount of your bill, and so for that reason I will enter an order allowing Mr. Alexander to substitute his appearance for yours."

We think that the circuit judge reasonably exercised his discretion.
Affirmed.
*John E. Parks* (also on the brief), appellant.