ALICIA CARROLL *v.* SEIKI MIYASHIRO,
EDWARD T. FUKUMOTO, AND JOHN DOE,
DBA WAIKIKI TRANSPORT CO.

No. 4703.

June 4, 1968.

Richardson, C.J., Mizuha, Marumoto,
Abe and Levinson, JJ.

*Per Curiam.* Appellant, Robert M. Botts, is an attorney originally retained by Alicia Carroll, hereinafter referred to as plaintiff, to prosecute her claim for damages predicated upon injuries she suffered in a collision of a taxi, in which she was a passenger, with another automobile. The retainer was under a written agreement providing for a contingent fee of one-third of any amount recovered and payment of costs by plaintiff.

Acting on the retainer agreement, appellant, as plaintiff's attorney, filed in the circuit court a complaint against the operators of the taxi and the other automobile, and also the owner of the taxi. He advanced the required filing fee.

Shortly after the filing of the complaint, plaintiff moved to have another attorney substituted in appellant's stead. She supported her motion with an affidavit in which she averred that she had previously discharged appellant as her attorney and appellant filed the complaint without her knowledge, consent, or authority.

Appellant did not file a written statement of reasons, or counter affidavit, in opposition to the motion. However, he appeared at the hearing on the motion and offered to prove that plaintiff had not terminated her services.

The court refused to hear appellant's offer of proof, and entered an order granting plaintiff's motion, which simply provided for substitution of attorney and was silent regarding any right which appellant might have.

In *Keating* v. *Keating*, 43 Haw. 51 (1958), this court affirmed a circuit court order for substitution of attorney, which relegated the determination of a fee controversy between the original attorney and his client to plenary action. This case differs from *Keating*. There the original attorney was given ample opportunity to present his case. Also, the court-approved property settlement agreement between husband and wife provided for payment of a fee of $2,500 to the original attorney. The fee controversy relegated to plenary action concerned an additional fee of $3,410 demanded by the original attorney, as to which there was no prior agreement.

The circuit court erred in refusing to hear appellant's offer of proof. It may well be that the proof offered when presented will be short of requiring the court to proceed further with the hearing. But appellant has a right to a day in court, and the least he is entitled to is an opportunity to be heard on his offer of proof that plaintiff had not terminated his services.

If, upon due hearing, the court reaffirms its prior grant of plaintiff's motion, the order of substitution should be conditioned upon immediate reimbursement by plaintiff to appellant of the latter's advance of court costs and protection of appellant in the payment of his fee. Such protection may be accorded by imposing a charging lien upon plaintiff's recovery in the case, whether the recovery be by judgment or settlement without judgment. *Wilkinson* v. *Tilden*, 14 F. 778 (C.C.S.D.N.Y. 1883); *Evans* v. *Ockershausen*, 100 F.2d 695 (D.C. Cir. 1938); *Bernstein* v. *Suchoff*, 242 App. Div. 784, 274 N.Y.S. 586 (1934). The amount of appellant's fee shall be determined by the circuit court, upon consideration of all relevant factors, at the time of, or prior to, the final disposition of plaintiff's case against the defendants.

Reversed and remanded to the circuit court with direction to proceed in accordance with this opinion.

*Robert M. Botts,* appellant, in propria persona.

*W. Patrick O'Connor* (*A. William Barlow* with him on the brief) for appellee.