HAWAIIAN TRUST COMPANY, LIMITED, Trustee of the Mary Andrade Inter Vivos Trust, Plaintiff-Appellee, *v.* ROBERT G. HOGAN, Administrator With the Will Annexed of the Estate of Mary S. Andrade, Deceased, Defendant-Appellant, and EDWARD V. ANDRADE, WALLACE V. ANDRADE, also known as Wallace B. Andrade, RODNEY G. ANDRADE, VERNE LESLIE SKJONSBY, also known as Verne Leslie Skjonsby, Jr., LaJEANNE ANDRADE, also known as LaJeanne T. Andrade, MICHAEL ANDRADE, MARK ANDRADE, TANYA LEE WILLIAMS, THE REVEREND OBLATE FATHERS, JOHN DOES 1-100, inclusive, and JANE DOES 1-100, inclusive, Defendants

NO. 6675

FEBRUARY 3, 1981

HAYASHI, C.J., PADGETT AND BURNS, JJ.

*Per Curiam.* Richard D. Welsh, alleging himself to be the attorney for the Administrator with the Will Annexed of the

Estate of Mary S. Andrade, appeals three orders entered against him below: (1) the Order Denying (Welsh's) Motion to Vacate Judgment Order for Attorneys' Fees, (2) the Order Granting (Hawaiian Trust's) Motion to Strike "Lien" and (3) the Order Granting Attorneys' Fees and Sanctions (against Welsh).

Essentially, Welsh challenges (1) the distribution of the trust assets in the Mary S. Andrade Inter Vivos Trust (hereinafter Andrade Trust), (2) the striking of his lien for attorneys' fees for services rendered by him as attorney for the Administrator and (3) the order enjoining Welsh from holding himself out as the attorney for the Andrade Estate and (4) the order requiring Welsh to pay attorneys' fees and costs incurred by the parties in defending against Welsh's motions.

We find appellant to be without standing to appeal the distribution of the trust assets, reverse the striking of Welsh's lien, affirm the lower court's injunction against Welsh acting as attorney for the Administrator, and reverse the lower court's imposition of attorney's fees against him.

Welsh was designated in Mary Andrade's will as attorney for her estate. At the time of her death, her major asset was an inter vivos trust of some $200,000 containing a testamentary power of appointment. Plaintiff-Appellee Hawaiian Trust Company, the trustee of the trust, was named in the will as executor of the estate, but refused the appointment due to a perceived conflict of interest. Thereafter, the court named Robert Hogan as Administrator with the Will Annexed of the Estate of Mary S. Andrade.

On July 26, 1974, Hawaiian Trust filed a complaint seeking the instructions of the court below regarding the proper disposition of the assets of Mrs. Andrade's trust. Specifically, Hawaiian Trust sought a declaration as to whether the will exercised the power of appointment provided in the Andrade Trust. Welsh, believing the appointment to have been made by the will, filed an answer and counterclaim on behalf of the administrator claiming there was "no factual or legal basis for a bill for instructions" and, therefore, the "complaint for instructions [should] be dismissed for failure to state a cause

of action.'' The court below ruled that Hawaiian Trust was entitled to the instructions sought by it and, on Hawaiian Trust's motion for partial summary judgment, dismissed the counterclaim.

Prior to the court's ruling on the motion for partial summary judgment, Hogan, by letters dated July 9, 1975 and July 16, 1975, informed Welsh that he was discharged as attorney for the Andrade Estate.[1] Hogan requested Welsh to file a "Withdrawal of Counsel and Substitution of Counsel and Order" naming his successor, Mr. Franklin Fogg; but Welsh did not do so. At the July 10, 1975 hearing on the motion for partial summary judgment, the court requested Hogan to take the matter of Welsh's discharge to the probate court. Thereafter, Hogan did not use the services of Welsh but took no steps to have him removed as attorney of record.

On July 21, 1975, Welsh filed a motion seeking an award of $5,000 from the Andrade Trust assets for services he rendered as attorney for the Andrade Estate. Welsh's motion was denied on November 18, 1975[2] without prejudice to his right "to request allowance of said fees from the probate court, and, if appropriate, to have payment of part or all of said fees ordered to be paid from the assets of the trust estate being held by Hawaiian Trust Company, Limited."

Welsh did not apply to the probate court for his fees; nor did Hogan apply to the probate court for Welsh's removal as counsel of record.

In early 1977, the parties to the case agreed that the trust assets would not be brought into Mrs. Andrade's probate estate but would be distributed as set forth in the agreement. Pursuant thereto, a stipulated Entry of Judgment and Final Judgment was entered on March 11, 1977. Although Welsh was still counsel of record, he was not informed of, and did not join in the stipulation.

---

[1] According to Hogan, the answer and counterclaim prepared and filed by Welsh did not have Hogan's approval (R. vol. III, 493, 505; Depo of Hogan, 5-7) although the answer remained in the record as Hogan's answer.

[2] The Order Denying Motion for Order for Attorney's Fees was dated November 17, 1975, but was filed on November 18, 1975.

On March 17, 1977, two orders were entered by the court below allowing various attorneys' fees, costs and expenses to be paid out of the trust assets. No provision was made for fees and expenses of Welsh. By letter dated March 29, 1977, Welsh was notified by Franklin Fogg, the attorney hired by the Administrator to replace Welsh, that a settlement had been reached and that, if Welsh intended to request the probate court to award him fees and costs, he should so advise Fogg in writing within a week.

Welsh did not respond to Fogg. Instead, on April 1, 1977, Welsh, purporting to act as attorney for the Administrator with the Will Annexed of the Estate of Mary S. Andrade, filed a lien in this case against the Andrade trust assets for "professional services rendered". On May 9, 1977, Welsh's lien was stricken by the court without hearing. On the same day, Welsh filed a Motion to Vacate Final Judgment and Orders dated March 11 and March 17, 1977 respectively. He requested the court to set aside its final judgment regarding the plan of distribution of the estate assets, and to set aside its orders allowing attorneys' fees. Welsh's motions were denied.

As a result of Welsh's filing of a lien and his motion to vacate, Appellee Hawaiian Trust Company filed a Motion for Costs and Attorneys' Fees against Welsh, and Appellee Hogan filed a motion seeking an order (a) directing Welsh to cease and desist from representing himself to be the attorney for Robert G. Hogan, Administrator, and (b) imposing sanctions against Welsh. The court granted appellees' motions and awarded Hawaiian Trust $750.00 and Hogan $500.00 to be paid by Welsh.

At the outset, we affirm the trial court's determination that appellant has no standing to contest the March 11, 1977 final judgment. The stipulation which lead to the judgment in this case was at variance with the specific provisions for the disposition of the trust *res* made in the trust instrument should the power of appointment not be exercised. It was also at variance with the provisions of the will should that instrument be held to have been an exercise of the power. Since the

settlor testatrix's directions have not been followed under either document there might be a serious question as to the efficacy of the stipulation and judgment were it raised by a party with standing. The only party raising the issue is Welsh, so our inquiry becomes one of his standing.

The majority rule seems to be that the direction in a will to employ a particular attorney is not binding on the executor. 2 *Scott on Trusts* § 126.3 at 980 (3d ed.). There is a minority view to the contrary. The case is one of first impression in this jurisdiction. It is complicated by the fact that the executor designated in the will refused to serve and Welsh's purported firing was by an administrator with the will annexed whose connection with the testatrix, if any, is not revealed by the record. Welsh argues that in the circumstances, he is the only one who appears interested in carrying out the testatrix's wishes and his argument is not without merit.

Nevertheless, we think that it is the personal representative who must bear the responsibility for the administration of the estate and that the majority viewpoint is sound. As has been said:

> [I]t is unjust to the trustee to compel him to employ as an attorney a person in whom he may lack confidence, where the result might well be disastrous to the administration of the trust, and that it is therefore against public policy to compel the trustee to employ him.

*Id.*, pp. 981-982. *See, e.g., Carton v. Borden*, 8 N.J. 352, 85 A.2d 257 (1951).[3] If the personal representative has the power to hire and fire the attorney, it follows that the attorney has no standing to pursue an independent course of action in litigation involving the estate.

Since Welsh was neither attorney for the estate nor a party to the litigation, he had no interest in the distribution of the

---

[3] Certainly it would have been better practice for Hogan to have followed the lower court's suggestion and sought the Probate Judge's approval for Welsh's discharge but in the circumstances of this case, we are unwilling to hold that his failure to do so allowed Welsh to continue as Hogan's attorney over Hogan's objection.

estate sufficient to support his standing to appeal the judgment below.[4]

Secondly, we consider whether the lower court erred in striking Welsh's April 21, 1977 lien filed against the assets of the Andrade Trust for "personal services rendered". Prior to the filing of the lien, the Circuit Court, on November 17, 1975, entered its order denying without prejudice Welsh's request for attorneys' fees, and suggesting that he apply to the probate court for the fees. Rather than making application to the probate court, Welsh waited some thirteen months and then filed the lien in the instant action. Welsh seeks to explain his delay by saying the probate proceedings were not finished and therefore, the time was not ripe for applying for a fee determination by the probate judge. His argument, however, ignores the outstanding, unappealed from, November 18, 1975 order which told him if he wanted attorney's fees to apply first to the probate judge. Nevertheless, in the light of the fact that he filed the lien two days after receiving the March 29, 1977 letter informing him of the entry of the final judgment, the delay did not constitute reason to strike the lien.

Moreover, once the lien was filed, Welsh had a right to a hearing at least on the issue of the amount, if any, of his attorneys' fees. *Carroll v. Miyashiro*, 50 Haw. 413, 441 P.2d 638 (1968).

Appellees conceded at oral argument that Welsh is entitled to some attorneys' fees. Since neither side appealed the order of November 18, 1975 and both apparently concede its validity, it remains outstanding and the suggestion of an application for fees to the probate judge should be followed. The lien should be reinstated pending Welsh's immediate application to the probate court. If he so applies, the lien

---

[4] Having found Welsh to be without standing, we do not consider whether the March 11, 1977 judgment was contrary to the intentions expressed in the Andrade Trust, see *Hite v. Queen's Hospital, et al.*, 36 Haw. 250 (1942), or the Andrade will, see *Hakalau v. De la Nux*, 35 Haw. 59 (1939), and, if so, whether the parties to the stipulated judgment had the authority to so stipulate. See *Hakalau, supra*.

should remain outstanding until the probate court has ruled on his application and any necessary further hearing has been held below in this case.

Next, we consider whether the lower court erred by enjoining Welsh from holding himself out as attorney for the Administrator with the Will Annexed. As we have held, Welsh had been discharged as attorney for the Administrator with the Will Annexed even though no order to that effect had been entered. The action of the court below was pursuant to that discharge and consequently is affirmed.

Finally, we do not find support for the imposition of sanctions against Welsh. As this court recently noted in *Cuerva & Associates v. Wong,* 1 Haw. App. 194, 201, 616 P.2d 1017, 1022 (1980):

> the law that attorney's fees may not be awarded unless such award is authorized by statute, stipulation or agreement is so firmly fixed in our jurisprudence that we do not have the authority to change it. . . .

Appellees contended that Welsh's filing of a lien against the Andrade Estate constituted bad faith for which the trial court has the inherent power to impose sanctions.[5]

The filing of a lien in a situation where an attorney is entitled to some fees but has been discharged by his client and there is a fund *sub judice* seems to be the accepted procedure. *See Carroll v. Miyashiro, supra.* Thus, this is not a case involving bad faith and we need not consider whether, in the State of Hawaii, a bad faith exception exists to the general proposition that a court cannot assess attorney's fees in the absence of statute or agreement of the parties. Under the circumstances, the court was without authority to order Welsh to pay the attorney's fees of Hawaiian Trust Company and Hogan.

Affirmed in part and reversed in part for further proceedings consistent with this opinion.

*Richard D. Welsh* for defendant-appellant.

*Conrad M. Weiser (Goodsill, Anderson & Quinn* of counsel) for plaintiff-appellee.

---

[5] *See Roadway Express, Inc. v. Piper,* 100 S. Ct. 2455 (1980).

*Robert G. Hogan* as Administrator with the Will Annexed of the Estate of Mary S. Andrade, Deceased, defendant.