639 P.2d 380

In the Matter of the ESTATE OF Margaret Cammack SMITH, Deceased.

David S. SMITH, an Heir and Devisee of Decedent, Petitioner/Appellee,

v.

James M. MURPHY, Successor Personal Representative/Attorney for the Estate of Margaret Cammack Smith, Deceased, Respondent/Appellant.

No. 2 CA–CIV 3939.

Court of Appeals of Arizona, Division 2.

Oct. 22, 1981.

Rehearing Denied Dec. 2, 1981.

Review Denied Jan. 6, 1982.

Russell S. Olds, Phoenix, for petitioner/appellee.

J. Emery Barker, Tucson, for respondent/appellant.

## OPINION

HOWARD, Judge.

The issues presented by this appeal are as follows: (1) Did the trial court err in awarding attorney's fees in a sum less than the amount agreed upon by the personal representative and the attorney? (2) Did the trial court err in the amount it allowed for the fee of the personal representative? We conclude that it did not err in either instance and affirm.

Before Margaret Smith died, her estate was being cared for by a conservator, Howard Baker, who then became the personal representative of her estate. James Mur-

phy, Esq., and Mr. Baker, as personal representative, entered into an agreement whereby Mr. Murphy would act as his attorney for an amount equal to four per cent of the gross probate estate. This was based upon a similar contract between the deceased and Mr. Murphy. Howard Baker subsequently died and Mr. Murphy was substituted as the personal representative.

An accounting of the probate estate filed on September 10, 1979, showed that $1,481 had been paid to the personal representative for fees and $2,463 had been paid to the attorney for his fees. On April 3, 1980, Mr. Murphy filed a petition for approval of account and decree of distribution. The accounting at that time showed that the estate had paid additional fees to the personal representative, Mr. Baker, and to the attorney in the amount of $15,938 each.

David Smith, an heir and devisee, objected to the administration fees contending that $8,000 each would be a reasonable fee for the attorney and personal representative. The trial court agreed and surcharged Mr. Murphy the sum of $19,820, which included sums he paid the personal representative over and above the amount approved by the court.

Appellant contends the trial court abused its discretion in ignoring his contract for services and testimony of his expert witnesses. We do not agree.

The trial court, in its written findings of fact, noted the following: (1) The personal representative and the attorney had earlier received the sums of $1,481 and $2,463, respectively; (2) Mr. Murphy had violated Rule II(c)(5) of the Local Rules of Practice, Pima County by not filing with his petition a detailed statement of the services rendered and time involved, nor did Mr. Murphy keep any records showing the time involved in acting as attorney for the estate; (3) the estate consisted only of personal property with a value of $398,461 [stocks, bonds, mutual funds, and cash in banks]; (4) the administration of the estate was routine and there were no novel or difficult questions. Since Mr. Baker had served as conservator for Mrs. Smith prior

to her death, no marshalling of assets was required because the assets were already in Mr. Baker's possession; (5) Mr. Murphy and Mr. Baker agreed that the attorney's fee and the administrator's fee would each be four per cent of the gross estate; and (6) Frank Watkins, a Tucson attorney testifying as an expert witness on behalf of Mr. Murphy, was of the opinion that four per cent of the gross estate was a reasonable fee.

Considering the work which had been done by the personal representative and the attorney, the trial court was of the opinion that a fee of $8,000 each was reasonable.

A personal representative is entitled to reasonable compensation for his services. A.R.S. § 14–3719. The reasonableness of the personal representative's compensation and that of the attorney employed by the personal representative is reviewable by the court which may order an appropriate refund of any excessive compensation. A.R.S. § 14–3721. A contract of the personal representative as to the amount of compensation to be paid the attorney is not binding upon the estate or the court. *In Re Schwint's Estate*, 183 Okl. 439, 83 P.2d 161 (1938); *In Re Lachmund's Estate*, 179 Or. 420, 170 P.2d 748 (1946); cf. *Elerick v. Rockland*, 102 Ariz. 78, 425 P.2d 103 (1967).

Appellant contends the trial court erred in subtracting from the fee finally allowed the sums received as shown on the accounting of September 10, 1979. He claims that these amounts were not administration expenses of the probate estate, but were sums due to the personal representative and attorney for fees in connection with the earlier guardianship. The trial court could have believed that appellant was estopped from asserting such a contention since the court had previously received approval of these fees as a charge against the probate estate. The trial court would not abuse its discretion in coming to such a conclusion.

Affirmed.

HATHAWAY, C. J., and BIRDSALL, J., concur.