IN RE ESTATE OF DEARDOFF, DECEASED.

[Cite as In re Estate of Deardoff (1984), 10 Ohio St. 3d 108.]

(No. 83-1354—Decided April 18, 1984.)

*Ruppert, Bronson & Chicarelli Co., L.P.A., Mr. James D. Ruppert* and *Mr. William J. Brown,* for appellants.

*Messrs. Young & Hubbell, Mr. Warren C. Young* and *Mr. Fred C. Hubbell,* for appellee.

HOLMES, J. The issue presented on appeal is whether a testator may compel the executor of his or her estate to select an attorney so designated in the testator's last will and testament. We believe that such language within a will is merely advisory and not binding upon the executor.

It cannot be questioned that an executor has the right to employ counsel to assist in the performance of various duties in the administration of an estate. The employment of counsel, however, is not mandatory as the executor may perform all such duties.

R.C. 2109.03 provides that upon court appointment, the fiduciary has discretion to select counsel who will represent him during the administration of the estate. Under this statutory scheme, it is important to note that the attorney represents the fiduciary, not the estate. In light of this fact, we believe that although he may well accede to the wishes of the testator, the fiduciary must have unfettered discretion to select an attorney, as said fiduciary may incur personal liability for the attorney's unlawful conduct concerning matters of the estate.

In addition, the attorney-client relationship is quite personal and usually involves confidential matters. The relationship demands complete faith and trust between the parties. Such a relationship thrust upon the client against his will would be ill-conceived and not conducive to an atmosphere of reciprocal confidence. This, in turn, would interfere with the administration of the estate.

We further note that today's decision is in line with the majority of jurisdictions which have addressed this issue. See *Chancey* v. *West* (1957), 266 Ala. 314, 96 So. 2d 457; *In re Estate of Smith* (1981), 131 Ariz. 190, 639 P. 2d 380; *Highfield* v. *Bozio* (1922), 188 Cal. 727, 207 P. 242; *In re Estate of Marks* (Fla. 1955), 83 So. 2d 853; *In re Estate of Fresia* (Fla. App. 1980), 390 So. 2d 176; *Hawaiian Trust Co. Ltd.* v. *Hogan* (1981), 1 Hawaii App. 560, 623 P. 2d 450; *Conlan* v. *Sullivan* (1935), 280 Ill. App. 332; *In re Stahl's Estate* (1942), 113 Ind. App. 29, 44 N.E. 2d 529; *Drosos* v. *Drosos* (1960), 251 Iowa 777, 103 N.W. 2d 167; *In re Kenney's Will* (1931), 213 Iowa 360, 239 N.W. 44; *Robinson's Exrs.* v. *Robinson* (1944), 297 Ky. 229, 179 S.W. 2d 886; *State, ex rel. Seifert, Johnson & Hand,* v. *Smith* (1961), 260 Minn. 405, 110 N.W. 2d 159; *Conway* v. *Parker* (N.D.1977), 250 N.W. 2d 266; *In re Estate of Kelley* (1974), 126 N.J. Super. 376, 314 A. 2d 614; *Carton* v. *Borden* (1951), 8 N.J. 352, 85 A. 2d 257; *In re Sherman's Estate* (1951), 104 N.Y. Supp. 2d 988; *In re Caldwell* (1907), 188 N.Y. 115, 80 N.E. 663; *In re Lachmund's Estate* (1946), 179 Ore. 420, 170 P. 2d 748; *Young* v. *Alexander* (1885), 84 Tenn. 108; *Mason & Mason* v. *Brown* (Tex. Civ. App. 1944), 182 S.W. 2d 729. See, also, II Scott on Trusts (3 Ed. 1967) 980, Section 126.3.

Therefore, we hold that a provision of a will which designates an attorney to represent the executor in the administration of the estate may not be considered as a condition precedent to the appointment of the executor, but is merely precatory and not binding upon the fiduciary or the probate court.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, GREY, C. BROWN and J. P. CELEBREZZE, JJ., concur.

GREY, J., of the Fourth Appellate District, sitting for LOCHER, J.