CHESTER CLARK and others *v.* SAMUEL KEMPER and others.

Where an undertaker has not complied with the terms of his contract for the erection of a house, but his employer receives and uses it, the latter will be bound to pay for the value of the work.

APPEAL from the District Court of St. Mary, *King,* J.

*Maskell,* for the plaintiffs.

*Splane,* for the appellant.

SIMON, J. The plaintiffs sue as endorsees of a promissory note, originally made payable to the order of one Albert Allen, by whom it is endorsed. The note is also endorsed by other persons, who, together with Allen and the appellant, are made parties defendants.

There was a judgment by default against all the defendants except Kemper, the drawer of the note, who pleads, in his answer, that the note was given in error, it being for carpenter's work done for him by Allen, the payee of the note, in the construction of a dwelling house. He alleges that the work was bad ; that the house was not built in a skillful and workmanlike manner ; that the roof leaks considerably ; and that he has suffered damage to the amount of $500. He also states that he gave the note before examining the work ; that it was transferred to the plaintiffs after it became due ; and to prove this last fact, the plaintiffs were ordered to answer certain interrogatories propounded to them by Kemper, which interrogatories have never been answered.

The plaintiffs had judgment against Kemper, for the amount claimed, from which judgment he has appealed.

The evidence shows to a certain extent that the work was bad, and that the house in question was not built in such manner as to satisfy the owner. Indeed, the testimony of all the witnesses proves that it was incompletely and unskillfully done, and that the defects were such as to occasion considerable expense to the owner in order to have it thoroughly repaired and completed, if he had chosen to do so. But the evidence shows, also, that the defendant· received the house such as it was ; that he has sold the house since it was finished ; that he lived in it a year before selling it ; and that he had no repairs made upon it before he left it.

This case is very similar to that of *Loreau* v. *Declouet*, 3 La. 3, in which this court said, that " if the owner use the building, he is bound to pay the workman the value of the labor he has expended on it." In that case, the facts proved that the owner had proceeded to have the building repaired, and the amount of the expenses being satisfactorily established, there was judgment in favor of the workman for the difference, which was really the value of his work. That judgment was so rendered, because the owner had received and used the building after it was delivered. In this case, however, it appears that the owner never had any repairs made, and that he used and sold the house ; and the evidence, with regard to the real value of the work, is so uncertain and unsatisfactory, that it is impossible for us to find out what amount should be deducted from the plaintiffs' claim, or to say that they are not

entitled to the amount claimed in their petition. The judge *a quo*, thought that Kemper had not made out his defence, and that he was not entitled to any deduction ; and from the state of the case, we are unable to say that he erred.

*Judgment affirmed.*