No. 9458.

SUCCESSION OF CHARLOTTE PIFFET—OPPOSITION OF C. H. TEBAULT.

|  |  |
|---|---|
| 37 | 871 |
| f123 | 109 |

A contract for over five hundred dollars may be proved by one witness and corroborating circumstances. Where the contract was to pay two thousand dollars for exclusive and undivided attention to a childless woman of large property who was apparently sinking and had made no will and ardently desired to make one, the intensity of her desire to gain time and strength to make a will and the large property at her disposal, and the fact that the physician gave his undivided attention as the contract required, are corroborating circumstances sufficient to support the oath of one witness and establish the contract.

Where one declares upon a contract he cannot recover upon a *quantum meruit*, but while testimony of value of services is inadmissible under the contract, it is admissible to shew the reasonableness of the contract and that it is one likely to be made under the circumstances. The contract must first be proved, and then its reasonableness may be shewn by proof that it was not grinding but fair.

The correct repetition of conversations is the most difficult feat of memory and of expression, and therefore the narration by a witness of the conversation of a dead person is the weakest of all evidence. The promise of a dead person to pay the debt of another cannot be proved by parol.

APPEAL from the Civil District Court for the Parish of Orleans. *Houston*, J.

*B. R. Forman* for Opponent and Appellant.

*T. Gilmore & Sons* for the Executors, Appellees:

The opinion of the Court was delivered by

MANNING, J. The executors of Charlotte Piffet filed a provisional account placing Dr. Tebault thereon as creditor for two undisputed items and allowing him $300 besides for attendance upon the deceased in her last illness. He opposed it claiming two thousand dollars for the last service and $352 for attendance upon Mrs. Knapp a niece of the deceased.

The executors excepted that the opponent had set up a special contract for the services during last illness and at the same time claimed under a *quantum meruit* and prayed that he be required to elect, and this exception having been sustained, he elected to stand on the contract.

The sole witness to the contract was Dr. Tebault himself, but his counsel insists that his testimony is supported by corroborating circumstances more than sufficient to bring the case within the rule of art. 2277 Rev. Civ. Code.

Mrs. Piffet was an aged woman with large fortune and without children. The inventory of her estate is over four hundred thousand dollars, the accumulation of her own thrift and good management.

She had suffered many years with cancer of the womb. Her death was imminent on the first of January 1884 when Dr. Tebault, sent for in haste, found her exhausted and apparently *in extremis*. His visit lasted thirty hours and he revived her, but had scarcely reached his home when he was recalled, found her again collapsed, and again resuscitated her.

She had made no disposition of her property and notwithstanding this neglect, it appears that when confronted by death she earnestly desired to make a will. She adjured him to stay with and watch her, and to keep her alive until she could get strength to make her will. He said he had other patients who needed his attention and he could not devote himself exclusively to her. Then she offered to give him two thousand dollars if he would abandon every other patient and attend to her alone. He accepted the offer and gave her his undivided attention until the 17th. of the same month when she died. She made her will on the 9th. and a codicil on the 11th.

He had to do much more than prescribe for her and watch her. She would not have a professional nurse. He was attendant and nurse as well as doctor. The nature of the disease suficiently indicates the kind of services he had to perform without going into the details supplied us by the record.

It is a strong corroborating circumstance that this old and rich woman ardently wished for time and strength to dispose of her property, and the promise of an unusually large fee was a natural expression of that wish, a proof at once of the intensity of the desire and of the largess she was willing to dispense to attain its fulfillment. For what was that sum to one who coveted a few more days of life that she might dispose according to her own mind of that to the acquisition of which her life had been given? A strong corroborating circumstance is the fact that Dr. Tebault gave up his other practice and devoted himself exclusively to Mrs. Piffet, performing menial services even and watching her with unremitting attendance.

Several eminent physicians testified that the services of Dr. Tebault were fully worth the sum claimed. Their testimony was given after the details of those services of various kinds had been made by him accompanied by statements of the offensive developments of the disease. The testimony was objected to by the executors because the *quantum meruit* claim had been abandoned.

There can be no doubt of the correctness of the principle asserted by the executors that where a plantiff declares on a contract, he can-

not recover on a *quantum meruit*. But the testimony, while inadmissible to prove the value of the services, is competent to shew the reasonableness of the contract. Having declared upon a contract, he must first have proved it, which we think he has done by his own oath and corroborating circumstances, and then evidence that the contract was one likely to be made under the circumstances and was reasonable in itself was properly heard. Bright v. Metairie Cemetery, 33 Ann. 62.

We do not leave out of sight the suspicion with which legists have always regarded the influence of physicians and others upon a sick person, and the rigour with which jurists have annulled donations made under undue influence. art. 1489 Rev. Civ. Code. Domat *Droit Public*, lib. 1, tit. xvii, sec. 1 & 12. But that made it only the more becoming that proof should be tendered to shew that the contract set up is one that a sick person, circumstanced as was this testatrix, would naturally make, and that other men of the same profession as the opponent would think not exorbitant and not improper to be accepted.

The claim preferred by the opponent for services rendered Mrs. Knapp rests upon a very slender basis. This lady was the niece of the testatrix, had been an inmate of her house previous to marriage, had been reared by her, and is one of her legatees. She was married in 1878. Mrs. Piffet paid Dr. Tebault's bills for attendance upon Mrs. Knapp in 1879 and 1880. He presented his bill for 1881 and it was not paid by Mrs. Piffet, and he then presented it to Dr. Knapp. No further application to Mrs. Piffet for the payment of that bill was made, and considering her ample means and her business habits it is not unreasonable to conclude that had Dr. Tebault looked to her for it any longer it would again have been presented.

There is an attempt to shew that Mrs. Piffet bound herself to pay continuously for medical services to Mrs. Knapp in conversations had during the first years of the latter's married life, but the narration of conversations correctly is the most difficult feat of memory and of expression, and of all evidence the narration of a witness of his conversation with a dead person is esteemed in justice the weakest. Besides, this is an attempt to prove by parol evidence the promise of a deceased person to pay another's debt, and that is textually prohibited. art. 2278 Rev. Civ. Code.

The judgment below was adverse to the opponent but with reservation of his rights to bring another action on a *quantum meruit*. We think it is error. Therefore

It is ordered and decreed that the judgment of the lower court is reversed, and that the opponent C. H. Tebault have judgment sustaining his opposition so as to increase the item upon the executors' account for medical attendance during last illness to two thousand dollars, and that the opponent's claim for services rendered Mrs. Knapp which was disallowed by the executors is rejected at his costs, the succession paying the costs of the other item in the opposition and of appeal.