This is a suit upon a written contract brought by the contractor against the owner of the building for $184, the full contract price. This contract called for certain interior and exterior painting and decorating to be performed on and in the premises owned by defendant.
The defendant excepted on the ground that plaintiff's petition failed to disclose a right or cause of action, and also urged and submitted a plea of res adjudicata. The latter plea is based on a decree of the First City Court of New Orleans non-suiting plaintiff on the identical cause of action now presently pleaded.
It appears that on February 17, 1941, plaintiff filed suit against the present defendant seeking enforcement of the identical building contract and the recovery of the price called for therein. After a trial on the merits, the lower court rendered a judgment of nonsuit, and, in its written reasons, suggested that plaintiff's only recourse, *Page 219 
under the evidence presented, was a suit on a quantum meruit.
Accordingly, on May 6, 1941, plaintiff brought the suit now under review. The averments of the petition disclose that instead of a suit being brought on a quantum meruit, it reiterates the same cause of action, in which he had been previously nonsuited, or, in other words, the enforcement of the written contract, thus precipitating the exception and plea filed herein.
The plea of res adjudicata was overruled and the exception of no cause or right of action sustained, but the judge a quo allowed plaintiff the right to amend his original petition.
A study of the pleadings leads us to experience some little difficulty in determining the cause of action plaintiff desires to rely upon. But, perforce, we observe that plaintiff, having in mind a source from which his demand on the quantum meruit should flow, refers to the written contract and the price called for therein. In his supplemental petition he specifically avers that, in lieu of his demand on the contract, "your petitioner now bases his demand on the theory of quantum meruit". The remainder of his averments evidences the conclusion that, having been denied the right to recover on the strength of his written contract, he is now endeavoring to comply with the right extended him by the lower court, by way of amendment, in seeking recovery on a quantum meruit.
The defendant, under the rules of the First City Court, filed her answer with the exception and plea urged herein. In her answer she admits the execution of the contract herein referred to, but resists plaintiff's claim upon the ground that the work called for by the contract was improperly executed and unacceptable, the answer specifically detailing the various features of the work which she classifies as defective, unworkmanlike, and in violation of the specific provisions of the contract.
There was judgment below in favor of plaintiff for the sum of $150. The learned judge a quo, according to his written reasons for judgment, allowed recovery for the value of the services rendered and the materials furnished by plaintiff. Defendant now prosecutes this appeal.
The plaintiff testified that the work called for by his contract was executed in a proper manner; that the materials furnished in connection therewith were selected by defendant herself; that, though he himself worked only three days on the job, his father worked eighteen and one-quarter days, at 75 cents per hour on the basis of an eight-hour day, and that his father was assisted by a helper, who worked approximately twenty-two hours at an hourly wage of 65 cents. He also testified that during the course of the work a complaint was made to him by defendant and that he personally remedied it; that for reasons personal to defendant he was prevented from continuing and completing the work in accordance with the contract, there remaining, at most, two days for the completion of all work covered therein. He further testified that he demanded payment, which was refused, and that he has paid for all the materials furnished in connection with the contract and used in the work, amounting to the sum of $47.66.
The testimony of plaintiff is substantially corroborated by that of his father, the latter having performed practically all of the work in connection with the contract, and by the testimony of two disinterested carpenters and painters. They testified that all of the work so far completed in connection with this contract was done in a workmanlike manner and as prescribed thereby.
Opposed to this evidence, we find the testimony of defendant and her mother, in which is detailed at length the various defects in the work rendered, the imperfections, the unworkmanlike methods employed, as a result of which, they testified, defendant prevented plaintiff from proceeding any further with the work. They testified that it would require from $100 to $115 to have the work and interior decorating, so far done by plaintiff, done over in a workmanlike and acceptable manner. In this feature of their testimony they are corroborated by the testimony of Mr. Atwood, who qualified as a carpenter and painter of many years' experience.
We are convinced that the plaintiff has failed to properly execute and deliver the work required of him under his agreement with defendant. The learned judge below took the pains to visit the premises and, in his written reasons for judgment, states that his inspection revealed evidences of imperfections, defective work, and a lack of workmanlike methods. He concluded, however, that there had been, to some extent, a compliance with the contract, but *Page 220 
that "the greater part of the work" was "substantially but certainly not artistically done when viewed with a critical eye".
The case of Babst v. Peritz et al., Orleans No. 7548 (unreported, see Louisiana and Southern Digest), decided by this court on May 15, 1919, involved a suit upon a contract for work done and upon which recovery was allowed on a quantum meruit. The defendant refused payment on the ground of defective and improper execution of the work. The court therein stated:
"The defendant has mistaken his remedy. He had no right to refuse absolutely to pay for the work he had received and was enjoying. The jurisprudence of this State is that a contractor who has delivered his work to the owner may sue him when he has received it and is in the enjoyment of it; and that the contractor may recover the value of the work which has inured to the benefit of the owner, although the work be defective or unfinished; if a price has been agreed upon the remedy of the owner is a reduction thereof to an amount necessary to perfect or to complete the work according to contract. C.C. 2769 (2740); [Loreau v. Declouet] 3 La. 1; [Etie v. Sparks] 4 La. [463] 465; [Joublanc v. Daunoy] 6 La. [656] 658; [Dyer v. Seals] 7 La. [131] 134; [Clark v. Kemper] 3 Rob. 10; [Cairy v. Randolph] 6 [La.] Ann. 202; [McClure v. King] 15 [La.] Ann. 220; [Shea v. Sewerage Water Board] 124 La. [299] 300 [56 So. 166]; [Berns Bros. v. Reiss] 12 [Orleans] App. 126; 3 Pothier Louage, sec. 425."
In the case at bar, having performed the work and services defectively and not in strict accordance with the terms of the contract, unquestionably plaintiff could not and cannot recover the remuneration stipulated in the contract, this for the evident reason that he has not done or performed that which was to be the consideration for its performance.
It is equally well settled that where one sues or declares upon a contract, and it is shown that the contract has been breached by him, he cannot in such action recover on a quantum meruit. Mazureau Hennen v. Morgan, 25 La.Ann. 281; Succession of Piffet (Opposition of Tebault), 37 La.Ann. 871; Condran v. City of New Orleans, 43 La.Ann. 1202, 9 So. 31; Dalgarn v. Orleans Land Company et al., 162 La. 891, 111 So. 271; Miller v. Krouse et ux., La.App., 177 So. 472.
It is well recognized, however, that even though one be not permitted to recover on the contract, he may, in the alternative, recover on a quantum meruit, either by a separate suit or by alternative pleading.
It must be further conceded that if a party derives any benefit from services rendered by another, the law reasonably implies a promise to pay on the part of the one who has received such benefit, such amount as it is reasonably worth. Such amount is recoverable on the theory of quantum meruit. Recovery is permitted in these circumstances because of the hardship which would result to the person performing the services if there should be withheld from him all compensation whatever for his work, labor and the materials furnished by him.
As is stated in 15 Am. Eng. Cyclopedia of Law, page 1093, paragraph 10:
"* * * The amount recoverable depends upon the extent of the benefit conferred having reference to the contract for the entire work, and this is usually the contract price, less the damages caused by not complying with the exact terms of the contract."
Article 1965, R.C.C. See, also, 9 C.J. 739, § 78; Id. 818, § 155; Id. 820, § 157.
Considering the testimony submitted in regard to the work performed, with the defects and imperfections shown to have resulted therefrom, the amount which defendant asserts will be required to complete the work in a workmanlike manner, and the value and benefit which we think plaintiff has received and now enjoys, we conclude that plaintiff is entitled to recover the amount of $110.
For the reasons assigned the judgment appealed from is amended by reducing the sum awarded from $150 to $110, and, as thus amended, it is affirmed. Defendant to pay all costs.
Amended and affirmed. *Page 221