This is a suit in which plaintiff seeks to recover the sum of $554.45 for the cost of materials and labor on a construction. job, together with the sum of $850, the alleged profits which would have resulted from the completion of the work, in accordance with the terms of a contract between the parties. Defendant answered denying plaintiff's claims, and reconvened, praying for judgment in the amount of $270.00, representing rental paid for his family dwelling, and the further sum of $1,350, representing the difference between the contract price and the alleged increase in cost. There was judgment rejecting the demands of both plaintiff and defendant, from which judgment both parties have appealed.
Plaintiff, a building contractor, entered into a written contract with the defendant on or about the 2nd day of December, 1947, under the pertinent provisions of which agreement plaintiff agreed to build, complete and deliver to defendant, as owner, a single-story brick veneer house on certain property of the owner located in the city of Shreveport, Caddo Parish, Louisiana, the times and conditions of payments of the total consideration of $8,650 being specifically set forth in the agreement. The payment of the first of these amounts was stipulated in the contract as follows: "a. When all necessary excavations have been made and all footings *Page 311 
laid and all the brick necessary for said house have been placed on the ground, the owner shall then pay to contractor the sum of $2,500.00."
The burden of plaintiff's petition declared that he delivered and placed on the premises the number of brick required for the job at a cost of $367.64, and that he expended the sum of $186.81 for labor "in preparing said lot for the construction of the dwelling house to be erected thereon".
The petition further set forth the fact that defendant had defaulted and continued to fail and refuse to carry out his part of the contract with plaintiff. Accordingly, plaintiff prayed for judgment for the amounts set forth and further judgment recognizing his lien and privilege on the property in question. Later, by supplemental and amended petition, plaintiff elaborated somewhat on his original allegations, and averred that all the brick necessary for the job had been placed on the property; that the excavations for all footings had been made; that plaintiff stood ready at any time to pour the concrete for footings, upon the making of a required inspection of the excavations by the F.H.A.; that the inspection of the excavations was not made, and, accordingly, plaintiff was prevented from fulfilling his obligations under the paragraph of the contract above noted; and, finally, that the defendant did not possess and could not borrow the funds for the payment of the cost of construction of the dwelling, which fact was responsible for the cessation of work. As noted, plaintiff claimed $850, being 10% of the amount of the contract price, as the profit which he claimed would have been realized upon completion of the contract in accordance with its terms.
Before this Court, both in brief and in oral argument, counsel for plaintiff urges that the action is not an action on contract, as would appear to be obvious from the representations of plaintiff's original petition, but that it is in fact a suit on quantum meruit, and for the recovery of anticipated profits, which right plaintiff claims under the provisions of Article 2765 of the Civil Code.
The facts as established by the record in this case, and which we think were correctly analyzed by our learned brother of the District Court in a written opinion, do not support the argument advanced by counsel for plaintiff. We do not perceive how any conclusion can be reached other than that plaintiff instituted this action in an effort to recover for services performed under a written contract. The facts conclusively show that plaintiff, as he alleges, did place upon the premises the estimated number of bricks required for the job and that he did make the excavations for the concrete footing, but just as conclusively it is shown that the footings were never poured.
Now plaintiff attempts to excuse his failure to specifically comply with the plain provision of the contract covering these points on the ground that the F.H.A. inspections of the excavations were not timely made and therefore plaintiff could not proceed with pouring the footings. This contention is squarely overcome by the overwhelming preponderance of the testimony, for it is shown that F.H.A. authorities did make an inspection and did require compliance with certain regulations on the part of plaintiff, and, further, that plaintiff failed to so comply with the requirements and to procure the complete inspection which would have permitted him to proceed with the work of pouring the concrete footings. Clearly the fault lay with plaintiff and cannot now be charged against defendant.
We think under the facts to which attention has been called that the District Judge correctly applied the law of the case for it is well settled that one cannot claim under a contract until and unless he has showed his full compliance with the terms thereof. Plain expression of this principle is contained in the case of Bouterie v. Carre, 6 So.2d 218, decided by the Orleans Court of Appeal.
The cited case further plainly stated the accepted rule that one who declares upon a contract which is shown to have been breached by his fault cannot in such action recover on a quantum meruit. *Page 312 
It is noted that plaintiff strenuously urges defendant's financial inability to carry out the contract. We seriously question the pertinency and relevancy of this claim and doubt whether evidence on the point was admissible. But, be this as it may, we find nothing in the record which indicates that the point is anything except a conclusion on the part of plaintiff which is not justified by the facts. On the contrary, it is shown on behalf of defendant that a commitment for a loan had been made by the F.H.A. and, further, that there was an agreement on the part of the lending agent to advance a substantial amount of the total loan to be employed for payments during construction.
On the whole we think plaintiff, the contractor, having failed to comply with his obligations under the contract, is not entitled to recovery either on the contract or on the basis of quantum meruit.
Earnest counsel for plaintiff further contends that plaintiff is entitled to relief under the provisions of Article 2765 of the Civil Code, which reads as follows: "The proprietor has a right to cancel at pleasure the bargain he has made, even in case the work has already been commenced, by paying the undertaker for the expense and labor already incurred, and such damages as the nature of the case may require."
The facts in this case do not show any attempt or effort on the part of defendant, who is the owner or proprietor, to cancel the contract. Concededly, if any such action should have been taken, the obligations fixed by the article for the payment of expense, labor and damages to the undertaker could have been invoked. Again we observe that the foundation for such a claim and for the assertion of the rights urged has not been established.
Turning to the reconventional demand asserted by defendant, we find ourselves in complete agreement with the finding of the District Judge to the effect that defendant is likewise guilty of failing to take those necessary steps which would have served to establish a basis for his claims. The District Judge called attention to the fact that there was no time limit fixed in the agreement nor had defendant ever made any formal demand upon plaintiff for completion of the job in accordance with the provisions of the contract. In other words, there had been no putting in default as provided by Article 1912 of the Civil Code as a prerequisite to the recovery of damages or the rescission of the contract.
For the reasons assigned the judgment appealed from is affirmed, provided, however, that the costs of this appeal shall be divided equally between plaintiff and defendant, both of whom occupy the status of appellants.