MAUI AGGREGATES, INC., A HAWAII
CORPORATION *v.* JACK REEDER
AND MAUI PAVING CO., INC.,
A HAWAII CORPORATION.

No. 4634.

OCTOBER 28, 1968.

RICHARDSON, C. J., MARUMOTO, ABE,
LEVINSON, JJ., AND CIRCUIT JUDGE
OGATA ASSIGNED BY REASON OF VACANCY.

OPINION OF THE COURT BY MARUMOTO, J.

In plaintiff's action to recover $8,619.27 from defendants, alleging three causes of action, two of which were for paving materials, equipment, and labor furnished between August 31, 1961, and January 6, 1962, in the total sum of $4,996.77, and one was for money had and received by defendants on March 6, 1962, in the sum of $3,622.50 to be paid to plaintiff, defendants admitted liability as to all but $122.50 of the amounts claimed, and judgment was entered against defendants for $8,496.77, with interest at the legal rate from March 19, 1962, the date on which plaintiff rendered its accounts.

In the same action, Jack Reeder, one of defendants, who will hereafter be referred to as counterclaimant, counterclaimed in the sum of $13,074.94 for the following:

| | |
|---|---:|
| Rental of paving machinery and equipment from April 6, 1961, to September 1, 1961 | $ 8,700.00 |
| Counterclaimant's salary from July 17, 1961, to September 1, 1961 | 1,400.00 |
| Subsistence and travel time for one Iver Johnson | 850.00 |
| Return freight of paving machinery from Maui to Arizona | 2,124.94 |
| | $13,074.94 |

On this counterclaim, the court below reduced the claim for rental by $2,100, disallowed the subsistence and travel time for Iver Johnson, and entered judgment for counterclaimant in the sum of $10,124.94. The case is before this court on plaintiff's appeal from the judgment on the counterclaim.

We affirm the judgment on the counterclaim insofar as it allows recovery of counterclaimant's salary and rental for paving machinery and equipment, but reverse it insofar as it allows recovery of return freight of such machinery and equipment from Maui to Arizona.

The paving machinery and equipment involved in the counterclaim consisted of the following items: one Etherington and Beamer paver, known as Moto-Paver; one Hobart welder; and one pneumatic roller. These items, together with other miscellaneous equipment and tools, were brought by counterclaimant from Phoenix, Arizona, to Kahului, Maui, in April 1961, at plaintiff's expense, under an oral agreement providing for their purchase by plaintiff, contingent upon acceptance of their performance by the County of Maui, and their return to Arizona at plaintiff's expense in case of the county's failure to accept their performance.

The agreement between plaintiff and counterclaimant was reduced to writing on May 19, 1961. As reduced to writing, it provided that the county's acceptance of performance likewise be in writing. The county never furnished the written acceptance specified in the agreement, and, consequently, plaintiff did not complete the purchase.

In the meantime, from May 1961 through August 1961, the mentioned machinery and equipment were used in performing plaintiff's paving contracts.

Plaintiff's position with regard to rental for the use of counterclaimant's machinery and equipment is that it was not under any obligation to pay, for it had not agreed to make such payment. With regard to counterclaimant's services, it takes the position that no payment was due subsequent to July 17, 1961, although counterclaimant was paid at the rate of $1,000 per month for a period of three months preceding that date, for he had not rendered any further services.

The trial court ruled against plaintiff, and held that counterclaimant was entitled to recover on the ground of quantum meruit. The holding is proper as applied to recovery of rental for the use of machinery and equipment and compensation for services.

The basis of recovery on quantum meruit is that a party has received a benefit from another which it is unjust for him to retain without paying therefor. In *Bouterie* v. *Carre*, 6 So. 2d 218, 220 (La. 1942), it is stated that "if a party derives any benefit from services rendered by another, the law reasonably implies a promise to pay on the part of the one who has received such benefit, such amount as it is reasonably worth."

The record in this case shows that all of the proceeds of plaintiff's contracts, performed through August 1961, in which counterclaimant's machinery and equipment were used, went to plaintiff. It also shows that counterclaimant negotiated and worked on all of such contracts, and that three of such contracts were negotiated after July 17, 1961, and completed before September 1, 1961.

With respect to return freight, the court based its decision on the original oral agreement between plaintiff and counterclaimant that the former would pay such expense in the event its purchase of the machinery and equipment were not consummated.

Plaintiff does not deny the making of such oral agreement. But it contends that the oral agreement was integrated in, and superseded by, the written agreement of May 19, 1961, which made no mention of return freight, and, consequently, the obligation to pay return freight had been eliminated. In the alternative, it contends that counterclaimant elected not to return the machinery and equipment to Arizona, but to continue to use them in his own business on Maui, and in such circumstances he was not entitled to return freight.

We think that plaintiff's alternative contention is well taken. It may reasonably be inferred from the evidence that underlying the agreement with respect to the payment of return freight was the assumption that the machinery and equipment would be taken back to Arizona in case plaintiff did not consummate its purchase. There was no agreement that plaintiff would pay the amount of return freight to counterclaimant in the event counterclaimant elected not to take the machinery and equipment back to Arizona upon the failure of his deal with plaintiff.

When plaintiff's contemplated purchase of the machinery and equipment failed to materialize, counterclaimant did not ship them back to Arizona immediately. Instead, he elected to go into business on Maui by incorporating Maui Paving, Inc., the other defendant in this case. The incorporation took place after August 31, 1961. From the date of such incorporation, counterclaimant carried on a paving business in the name of the corporation with the same machinery and equipment.

When the complaint was filed in this case on June 8, 1962, the machinery and equipment were still on Maui. Sometime thereafter, counterclaimant shipped them back to Arizona. But we are of the opinion that when counterclaimant elected to go into business, as stated above, he abandoned his right to the payment of return freight from plaintiff, and his subsequent ship-

ment, more than nine months later, did not restore such right.

Affirmed in part, reversed in part, and remanded to the circuit court with direction to enter judgment in accordance with this opinion.

*Sanford J. Langa (Crockett & Langa* of counsel) for plaintiff-appellant.

*Hyman M. Greenstein (Greenstein & Cowan* of counsel) for defendants-appellees.