504 P.2d 513

**S. J. LIND, INC., a corporation, Appellant,**

**v.**

**Howard MAKLER and Edith S. Makler, husband and wife, Appellees.**

**No. 2 CA–CIV 1200.**

Court of Appeals of Arizona, Division 2.

Dec. 29, 1972.

Rehearing Denied Jan. 30, 1973.

Review Denied Feb. 27, 1973.

Schorr & Karp, Hillock & Corey, P. C., by Marvin D. Karp, Tucson, for appellant.

Silver, Ettinger & Karp by Gene Karp, Tucson, for appellees.

HATHAWAY, Judge.

This appeal seeks reversal of a judgment in favor of the appellees in litigation involving an employment contract between appellant as employer and appellee-husband as employee.[1]

The basis of appellees' claim was that appellant owed them certain sums under the employment agreement. Appellant, on the other hand, denied that such sums were owing and counterclaimed for sums allegedly due it by virtue of loans and advances paid to appellee-husband prior to his termination of the employment relationship. Pursuant to request, the trial court made extensive findings of fact and conclusions of law. It awarded appellees the sum of $6,000 on a quantum meruit theory and denied appellant relief on its counterclaim.

Appellant's attack on the judgment below is two-pronged: (1) The award on the basis of quantum meruit was erroneous, and (2) it was entitled to recover the sum of $3,758.70 on its counterclaim.

The following facts, as found by the trial court, we accept as true for lack of a "clearly erroneous" showing. Howard Makler was employed by S. J. Lind, Inc., from 1961 until October 1969. From August 1968 through October 21, 1969, he was the manager of the Lind office in Denver, Colorado, pursuant to an employment agreement made in July, 1968 with an agent of Lind. His compensation was in the form of commissions on his own personal sales and override commissions on sales made by other salesmen. His compensation prior to assumption of the managerial position had also been based on commissions

and overrides but as manager, he operated under increased percentages.

Makler's claim for $44,241.30 was based on a disputed portion of the July 1968 oral employment agreement between him and Lind's agent. Makler had been paid the sum of $18,551.38 which included $14,-792.68 commissions and overrides plus overpayment by Lind of $3,758.70, acknowledged by Makler.[2] There was no agreement to pay Makler $800 per week as an expense allowance during his employment in Colorado. [Makler's claim for $44,241.-30 included this item for a period of 60 weeks].

The court's conclusions of law were that there was a valid oral employment agreement which did not include an $800 per week expense allowance, that Makler had not established by clear and convincing proof that $44,241.30 was due him from S. J. Lind, Inc., that the bookkeeping methods practiced by S. J. Lind, Inc. "leave much room for improvement", and that Makler was entitled to $100 per week for a period of 60 weeks, totaling $6,000 "based upon the legal principle of quantum meruit."

The basis of recovery on quantum meruit is that a party has received from another a benefit which is unjust for him to retain without paying therefor. *Maui Aggregates, Inc. v. Reeder*, 50 Haw. 608, 446 P.2d 174 (1968). However, when services have been fully paid for, there is no unjust enrichment. *Ruinello v. Murray*, 36 Cal.2d 687, 227 P.2d 251 (1951). Here, the trial court made the following "finding":

"28. That Howard Makler is entitled to some recompense from S. J. Lind, Inc. upon the legal principle of quantum meruit."

Makler's entire claim was predicated upon an express contract: It is true that pleading an express contract is not

1. The litigation involved other claims and other parties which were resolved by stipulation prior to trial of the subject claim.

2. The trial court also found that the books of accounts of S. J. Lind, Inc., showed a

Makler debit of $8,766.72. Appellant, however, makes no claim that it is entitled to this sum and has limited its claim solely to $3,758.70, the amount of overpayment acknowledged by Makler.

necessarily fatal to a recovery in quantum meruit. Trollope v. Koerner, 106 Ariz. 10, 470 P.2d 91 (1970). Appellees, however, presented no proof of services performed by Makler at his employer's request from which an implied promise to compensate him therefor could be inferred. Since their entire claim was predicated upon an express contract, there was no basis for a quantum meruit recovery. Maricopa Realty and Trust Co. v. VRD Farms, Inc., 10 Ariz.App. 524, 460 P.2d 195 (1969); Bahler v. Fletcher, 257 Or. 1, 474 P.2d 329 (1970). The trial court's "finding" that Makler was entitled to "some recompense" was clearly erroneous as was his conclusion of law that Makler was entitled to $100 per week for a period of 60 weeks.

■ Invocation of equitable principles is not appropriate where the party given the benefit thereof has not provided the requisite proof, namely performance of services and the reasonable value thereof. See Evans v. Mason, 82 Ariz. 40, 308 P.2d 245 (1957). We therefore agree with appellant that the $6,000 award to appellees cannot stand.

■ We also agree with appellant that the complete rejection of its counterclaim was erroneous. As noted above, the trial court specifically found that Makler had been overpaid in the amount of $3,758.70. We accept this finding of fact since the record reflects evidence in support of it, namely Makler's testimony and the following computations submitted by him:

| | |
|---|---|
| "60 weeks at $800.00 | $48,000.00 |
| Overrides | 11,349.10 |
| Earned Commissions | 3,443.58 |
| | $62,792.68 |
| Amount Paid | 18,551.38 |
| Amount Unpaid | $44,241.30" |

Thus we see that Makler acknowledged that he had earned $14,792.68 and had received $18,551.38. The difference is $3,758.70, an "overpayment" by Lind, as expressly found by the court. In the face of this express finding, supported by Makler's acknowledgment, denial of this sum to Lind on its counterclaim was arbitrary.

■ It would appear that the trial court was of the opinion that it should completely ignore the voluminous record of appellant, kept in the ordinary course of business, which contained a compilation of Makler's earnings and Lind's payments to him. We do not believe that testimony of other salesmen with respect to isolated instances of errors in computation as to their commissions established error in the records pertaining to Makler. Makler had the burden of showing that Lind's records as to him were incorrect—a burden he did not meet. In the face of his own admission as to his earnings and the payments he had received, the trial court's dissatisfaction with Lind's bookkeeping methods afforded no basis for disallowance of the admitted overpayment.

It is ordered that the judgment in favor of appellees be set aside and that judgment in favor of appellant in the sum of $3,758.70 be entered together with costs below.

HOWARD, J., and BEN C. BIRDSALL, Judge of the Superior Court, concur.

NOTE: Chief Judge HERBERT F. KRUCKER having requested that he be relieved from consideration of this matter, Judge BEN C. BIRDSALL was called to sit in his stead and participate in the determination of this decision.