R. G. BOOKER, Plaintiff-Appellee, *v.* MIDPAC LUMBER CO., LTD., CESARIO R. CONSTANTINO, STEWART LAI and JOHN DOES 1-10, Defendants-Appellees, and D. N. INGMAN, Formerly Attorney for Plaintiff-Appellant

NO. 7534

CIVIL NO. 55395

DECEMBER 1, 1981

HAYASHI, C.J., PADGETT AND BURNS, JJ.

OPINION OF THE COURT BY BURNS, J.

Booker hired Ingman as his attorney under a contingent fee contract to pursue a tort claim. Eight months after the accident and before the case came to trial, Booker, without legal cause, terminated Ingman's services and hired other attorneys to represent him.

Ingman appeals because he was willing to accept a $15,000.00 attorney's fee and the lower court awarded him only $1,500.00.

We decide that the lower court manifestly abused its discretion when it explicitly refused to consider two factors relevant to its determination of Ingman's fee.

On August 2, 1978, Booker was injured in a vehicular collision. On August 11, 1978, Ingman, as Booker's attorney, filed suit. On December 18, 1978, he filed Booker's answers to defendants' 38-page interrogatories. On December 22, 1978, he filed an amendment to the complaint. On February 9, 1979, he filed a statement of readiness and a one-page pretrial statement. He did not conduct any formal discovery in the case. Sometime prior to March 28, 1979, Booker discharged Ingman and hired Gould & McKenzie.[1]

On March 28, 1979, Ingman filed a "notice of a lien for his attorney's fee . . . pursuant to his contract with plaintiff dated August 10, 1978." Booker responded by moving the court to determine the amount of fees due Ingman and to terminate Ingman's lien.

At the hearing on Booker's motion, Ingman argued that he was entitled to the contract amount less the percentage of time that the new counsel puts in on the case.[2]

Although he never entered the document in the record, Ingman represented[3] to the lower court that he had a written contract entitling him to a one-third contingency fee. The lower court accepted his representation but indicated that it could not consider the alleged contract as a factor because the case was not completed and there was nothing upon which to compute a percentage. Further, when Ingman stated his opinion that "the case is worth more than a hundred thousand," the judge responded, "It doesn't matter what's [sic] the case worth."

The only factor which the court was willing to consider was "what [Ingman] did." Initially Ingman responded that he does not "keep hours on a contingency case" but that he "would estimate sixty to sixty-five hours." Later he admitted, "It could be on the high side"

---

[1] On January 14, 1981, the trial of this case was postponed, and it has not yet been rescheduled.

[2] *Compare Tonn v. Reuter*, 6 Wis.2d 498, 95 N.W.2d 261 (1959); *Brodie v. Watkins*, 33 Ark. 545 (1878).

[3] None of Ingman's representations are under oath. He submitted no affidavits.

but stated, "I know I put [in] a lot more than twenty hours,. . . ."

Ingman stated that considering all factors he "would accept $15,000.00." Based on the file and on Ingman's representations, the lower court decided that Ingman spent no more than twenty-five billable hours on the case, determined that Ingman was entitled to $60.00 per hour, and awarded him $1,500.00 attorney's fees plus costs.

Ingman appeals, alleging the lower court erred when it refused to consider his one-third fee contract, when it refused to consider the value of his former client's case, and when it made the fee determination prior to the disposition of his former client's case.

Although Ingman is not a party, he has standing to appeal.[4] *Keating v. Keating,* 43 Haw. 51 (1958).

We have jurisdiction to hear this appeal because the order appealed is an appealable collateral order. *Scott v. Stuart,* 22 Haw. 641 (1915).

With respect to the substantive issue on appeal:

> The courts of the various jurisdictions are in agreement that, in view of the delicate and confidential nature of the relation between an attorney and his client, and of the evil engendered by friction and distrust, the client has the right to terminate the relation at his election, with or without cause. The courts further agree that when the client arbitrarily exercises this right without cause, the discharged attorney is entitled to compensation. But, the courts disagree as to the measure or basis of the attorney's compensation; that is, they differ as to what compensation should be given to the wrongfully discharged attorney. [Footnotes omitted.]

S. SPEISER, ATTORNEYS' FEES, § 4:26 (1973).

> Some jurisdictions have taken the position that an attorney who has been employed on a contingent fee contract, and who has been discharged without fault on his part before completely performing the work that he was employed to do, is not entitled to recover the full compensation on the contract, but is limited to a quantum meruit recovery.

---

[4] This is another exception to the general rule. *See* n.1, *Chierighino v. Bowers,* 2 Haw. App. 291, 631 P.2d 183 (1981).

However, the courts of other jurisdictions take the view that while the discharged attorney may recover on quantum meruit, he is not limited thereto, but may, at his election, sue for the agreed compensation on the theory of constructive performance or for damages on the theory of breach of contract.

There are several jurisdictions in which there seems to be some doubt as to what constitutes the measure of recovery. [Footnotes omitted.]

92 A.L.R. 3d 690 at 693 (1979).

Hawaii has adopted a "reasonable fee" rule.[5] *Carroll v. Miyashiro,* 50 Haw. 413, 441 P.2d 638 (1968). *Accord, Fracasse v. Brent,* 6 Cal.3d 784, Sup. 100 Cal. Rptr. 385 (1972).

*Carroll* is authority for the following statements of law:

1. Notwithstanding the discharged attorney's objection or the former client's objection, the trial court may, in its discretion, determine the fee prior to the disposition of the case or the happening of the contingency.[6] *Contra, Fracasse v. Brent, supra.*

2. The trial court may, in its discretion, determine that the discharged attorney's fee is or is not contingent on the outcome of the case. *Contra, id.; Rosenberg v. Levin,* 50 USLW 2001 (6/11/81).[7]

3. Whenever it determines the discharged attorney's fee, the trial court shall take into consideration "all relevant factors."

Here, the lower court explicitly refused to consider Ingman's one-third contingency contract and the reasonably estimated value of the case. It listened to Ingman, looked at the record and decided that Ingman's billable time on the case was no more than twenty-five hours at $60.00 per hour and awarded him $1,500.00.

We recognize that the lower court's determination of reasonable attorney's fees is a matter of discretion which will not be disturbed

---

[5] We reject the quantum meruit label because quantum meruit primarily involves a determination of the benefit conferred, *Maui Aggregates, Inc. v. Reeder,* 50 Haw. 608, 446 P.2d 174 (1968), whereas, in this type of case, other factors are relevant. *See Sharp v. Hui Wahine, Inc.,* 49 Haw. 241, 413 P.2d 242 (1966); *Fracasse v. Brent, supra,* Sup. 100 Cal. Rptr. at 390.

[6] [7] The lower court may, in exercising its discretion, decide before or after the happening of the contingency that the discharged attorney is entitled to a specific percentage of the amount, if any, recovered in the case by his former client.

upon appellate review except for the manifest abuse thereof. *See Sharp v. Hui Wahine, Inc., supra.*[8] However, merely awarding an attorney discharged without cause an hourly rate for hours reasonably spent while refusing to consider his contingency fee contract and the reasonably estimated value of the case[9] does not satisfy the requirement that all relevant factors shall be considered and reduces "the discretionary process to computation by abacus." *Id.* at 246.

We hold that the lower court's explicit refusal to consider two relevant factors was a manifest abuse of discretion.

The record is insufficient for us to do so and, therefore, we do not rule on the question whether, after considering all relevant factors, it would be an abuse of discretion to award $1,500.00 attorney's fees, or more or less.

Reversed and remanded for further proceedings consistent with this opinion.

*D. N. Ingman, pro se,* formerly attorney for plaintiff-appellant.

*Christopher P. McKenzie (Benjamin L. Carroll, III, with him on the brief) for plaintiff-appellee.*

---

[8] Although *Sharp v. Hui Wahine, Inc., supra,* involved a contract case and the predecessor to HRS § 607-17 (1976) and this case involves a tort case with no applicable statute, we hold that the lower court's determination of fees in this type of case is also a matter of discretion.

[9] The possibility of non-success is a factor to be considered in determining the estimated value of the case.