STATE OF HAWAII, by its Attorney General, Plaintiff, *v.*
UNITED STATES OF AMERICA, Defendant-Appellant, and
PATRICK TUOHY, Defendant-Appellee, and C. STANARD
SMITH, JR., M.D., ANNA SMITH, ELLISON MILES and
JOSHUA AGSALUD, Director of the Department of Labor of
the State of Hawaii, Defendants

NO. 7743

CIVIL NO. 55389

MAY 24, 1982

RICHARDSON, C.J., LUM, NAKAMURA,
PADGETT AND HAYASHI, JJ.

OPINION OF THE COURT BY PADGETT, J.

This is an appeal by Defendant-Appellant United States of
America from a judgment in favor of Patrick Tuohy, defendant-
appellee, in an interpleader action brought with respect to certain
funds held by the State of Hawaii. We affirm in part and reverse in
part.

On November 9, 1977, C. Stanard Smith, Jr., M.D., obtained a
judgment against the Department of Social Services & Housing,
State of Hawaii, in the sum of $28,500. Because there were several

creditors with competing claims against this fund, the State of Hawaii brought an interpleader action joining the several claimants. On November 17, 1977, Smith, in writing, assigned his interest in the fund to Appellee Tuohy who recorded that assignment on November 22, 1977 in the Bureau of Conveyances in Hawaii. On February 16, 1978, Tuohy made a partial assignment to the Department of Labor of the State of Hawaii in the amount of $3,650.36 of his assignment from Smith. The appellant, United States, claimed tax liens against Smith for the tax years 1971, 1974 and 1975.

After various motions for summary judgment, the court below entered an order that $3,600 be paid to the Department of Labor and Industrial Relations, State of Hawaii, and that the remainder of the sum be paid to Appellee Tuohy. From that order, only the United States appeals.

The first contention of the appellant is that, while 40% of the amount in controversy would constitute a reasonable fee for appellee's services in connection with securing the judgment against the State of Hawaii, appellee should not have been awarded anything more. Appellant asserts in its brief that, by law in Hawaii, a contract for attorney's fees must be in writing, citing HRS § 607-17 and *Honolulu Roofing Co. v. Felix,* 49 Haw. 578, 586, 612, 614, 426 P.2d 298 (1967). The statutory section cited does not support appellant's position since it deals with provisions for attorney's fees for collection in promissory notes and provisions for attorney's fees in contracts in connection with the enforcement of those contracts. It is not a statute of frauds making contracts for attorney's fees unenforceable, unless in writing, signed by the party to be charged therewith. *Honolulu Roofing Co. v. Felix* lends no support to appellant's position. Appellant also contends that there is no lien recognized in Hawaii law for attorney's fees. This is contrary to our holding in *Carroll v. Miyashiro,* 50 Haw. 413, 441 P.2d 638 (1968) and in effect, the decisions of our Intermediate Court of Appeals in *Booker v. Mid-Pacific Lumber Co.,* 2 Haw. App. 569, 636 P.2d 1359 (1981) and *Tuinei v. City and County of Honolulu,* 2 Haw. App. 574, 636 P.2d 1363 (1981).

Below, appellee was awarded the fund in controversy as a purchaser, by way of assignment, of Smith's interests. Appellant, at oral argument, cited HRS § 40-58 requiring that an assignment of

monies due from the State shall be effective only if first approved by the state comptroller. That provision was not cited below and obviously is for the protection of the State. Here, the State chose to file an interpleader action to resolve the conflicting claims. Thus, the State waived any claim of invalidity of the assignment based on the statute.

Under the provisions of § 6323(h)(6) of the Internal Revenue Code of 1954, a purchaser is a person who, for adequate and full consideration in money or money's worth, acquires an interest in property which is valid under local law against subsequent purchasers without actual notice.

Section 301.6323(h)-1(f)(1) is in accord with the statutory section. Under § 301.6323(h)-1(f)(3), adequate and full consideration in money or money's worth, means a consideration in money or money's worth having a reasonable relationship to the true value of the interest in the property acquired. Moreover, under § 301.6323(h)-1(a)(3) of the regulations, money's worth is so defined that past consideration is sufficient to support an agreement giving rise to a security interest. Money's worth includes services.

The question thus posed to the court below was whether Appellee Tuohy's alleged past services to Smith constituted an adequate and full consideration in money or money's worth for the assignment. On this issue, a full evidentiary hearing was held and the court below found in favor of Appellee Tuohy. We cannot say, based upon the record, that the court's implicit finding on that score was clearly erroneous. Accordingly, it is affirmed.

Appellant, however, also contends that it was entitled to priority over Appellee Tuohy because of taxes due from Smith on account of the 1971, 1974 and 1975 taxable years. Under the law, in order for those tax amounts to take priority over the assignment to Appellee Tuohy, they needed to be recorded before his assignment was recorded.

Unfortunately for the appellant, none of the tax lien recordings in the record on which appellant relies were either sworn to or certified under Rule 56(e), Hawaii Rules of Civil Procedure. Under our decisions, such documents cannot normally be considered by us on a motion for summary judgment. *Pacific Concrete FCU v. Kauanoe*, 62 Haw. 334, 614 P.2d 936 (1980); *Cane City Builders v. City Bank*, 50 Haw. 472, 443 P.2d 145 (1968). The Federal Government, as a

litigant before us, is bound to follow our rules like any other party.

Even if we could consider the recorded notices with respect to the 1974 and 1975 taxes, the fact remains that appellant admits they were recorded after appellee's assignment was recorded. As to the 1971 taxes, appellant asserts that it recorded them in 1973 and re-recorded them in 1978. Given the record, we would have to ignore appellant's assertions because of the failure to comply with Rule 56(e), HRCP, were it not for the fact that at an oral hearing on the matter on July 27, 1979, appellee, in effect, admitted the 1973 recordation. Given that admission, we hold that the appellant is entitled to priority to the extent of the tax lien it had protected by that recordation.

This brings us to a further difficulty with the record because, apparently, the lien filed in 1973 was in the amount of $7,965.90 but appellant, in its answer, asserted that the unpaid assessed balance thereon was $3,816.90. That figure is not supported by affidavit, certified or sworn to document, admission, answer to interrogatory, deposition or otherwise.

We, therefore, affirm in part and reverse in part and remand the case to the lower court to ascertain the amount of appellant's tax lien protected and given priority by its lien recordation of April 25, 1973 which was refiled on September 8, 1978.

Affirmed in part and reversed in part.

*Ernest Brown*, Department of Justice (*Stephen D. Tom*, Assistant U.S. Attorney, and *M. Carr Ferguson*, Assistant Attorney General, on the brief) for appellant.

*Patrick F. Tuohy*, appellee pro se.