STATE OF HAWAII, Plaintiff-Appellee, *v.* SHIRLEY PRZE-RADZKI, Defendant-Appellant, and MABEL ELENA MARIA, RONALD MARIA, EDWARD HOOHULI, PALMALITA HOO-HULI, PALMER KUA, LEIMOMI KUA and ANTONIO GEO-LINA, JR., also known as Tony Geolina, Jr., Defendants, and SAMUEL P. KING, JR., Appellant

NO. 10245

(CRIMINAL NO. 59759)

SEPTEMBER 13, 1985

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY BURNS, C. J.

Defendant Shirley Przeradzki and her court-appointed private attorney Samuel P. King, Jr., appeal the lower court's award to King of $3,000 attorney fees rather than the $10,340 he requested.

Hawaii Revised Statutes (HRS) § 802-5 (Supp. 1984) authorizes the trial court to pay court-appointed private attorneys no more than $3,000 per non-class A felony "case." The sole issue raised by appellants is

whether the word "case" as used in HRS § 802-5 means all matters within the numbered criminal case or each count involved in such case.[1] Our answer is that it means the numbered criminal case. *Sua sponte,* we also hold that Przeradzki lacks standing to appeal the issue.

On December 16, 1983 Przeradzki was indicted on 80 felony counts.[2] The indictment was assigned Criminal No. 59759.[3] On March 14, 1984, because a conflict of interest prevented the public defender from representing Przeradzki, the lower court appointed King to represent her in the case.

On September 28, 1984 Przeradzki pled guilty to counts 81, 84, and 87. On October 19, 1984 the lower court allowed the prosecution to *nolle prosequi* counts 1 through 77.

King asked that he be paid $10,340 attorney fees. Assuming that King's fees were reasonable but concluding that under HRS § 802-5 the maximum fee payable was $3,000, the lower court authorized payment of $3,000. Przeradzki and King appealed.

Initially, our concern is appellate jurisdiction. The appeal is from an order granting part of the requested attorney fees. Not being a party "aggrieved" by that order as required by HRS § 641-11 (Supp. 1984), Przeradzki lacks standing to appeal it. *State v. Ui,* 66 Haw. 366, 663 P.2d 630 (1983).

However, an order awarding attorney fees under HRS § 802-5 is "a final order within the meaning of *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949)." *Ui,* 66 Haw. at 369, 663 P.2d at 632. King was "aggrieved" by that order and has standing to appeal it. *Booker v. Midpac Lumber Co., Ltd.,* 2 Haw. App. 569, 636 P.2d 1359 (1981), *rev'd on other grounds,* 65 Haw. 166, 649 P.2d 376 (1982).

---

[1]This issue was specifically not decided in *State v. Ui,* 66 Haw. 366, 368 n.1, 663 P.2d 630, 631 n.1 (1983).

[2]Counts 1-76:  Theft in the first degree (class C felony)
Count 77:  Criminal conspiracy (class C felony)
Count 81:  Failure to register securities (class C felony)
Count 84:  Failure to register as a salesman (class C felony)
Count 87:  Fraudulent sale of securities (class C felony)

[3]As a matter of court practices, each indictment (felonies) and each complaint (felonies and misdemeanors), regardless of the number of counts involved, is assigned a separate case number.

Section 802-5, HRS, provides:

Appointment of counsel; compensation. (a) When it shall appear to a judge that a person requesting the appointment of counsel satisfies the requirements of this chapter, the judge shall appoint counsel to represent him at all stages of the proceedings including appeal, if any. If conflicting interests exist, or if the interests of justice require, the court may appoint private counsel, who shall receive reasonable compensation for necessary expenses, including travel, the amount of which shall be determined by the court, and fees pursuant to subsection (b). All such expenses shall be certified by the court. Duly certified claims for payment shall be paid upon vouchers approved by the director of finance and warrants drawn by the comptroller.

(b) The court shall determine the amount of reasonable compensation to appointed counsel, based on the rate of $30 an hour for out-of-court services, and $40 an hour for in-court services and with a maximum fee in accordance with the following schedule:

| | | |
|---|---|---|
| (1) | Class A felony case | $2,000 |
| (2) | Any other felony case | 1,500 |
| (3) | Misdemeanor case - jury trial | 1,000 |
| (4) | Misdemeanor case - jury waived | 500 |
| (5) | Appeals to the supreme court or intermediate appellate court | 1,500 |
| (6) | Petty misdemeanor case | 300 |
| (7) | Post conviction proceeding | 1,500 |
| (8) | Any other type of administrative or judicial proceeding including cases arising under chapter 571 | 1,000 |

Payment in excess of any maximum provided for under paragraphs (1), (2), and (5), where extended or complex representation is needed, may be made for good cause shown on the record by the appointing judge, but shall not exceed an amount twice the maximum allowable fees for such representation.

(c) The public defender and the judiciary shall submit to the department of budget and finance for inclusion in the department's budget request for each fiscal biennium the amount required for each fiscal year for the payment of fees and expenses pursuant to subsection (a).

King argues that construing HRS § 802-5 as limiting him to no more

than a $3,000 fee in Criminal No. 59759 does not comport with common sense, fairness for indigent defendants,[4] fairness to court-appointed counsel,[5] or the Florida Supreme Court's opinion in *Wakulla County v. Davis,* 395 So.2d 540 (Fla. 1981). He contends that the word "case" as used in HRS § 802-5 means count. Under his interpretation, the maximum fee allowable to him for his services in the trial court in this case is 80 times $3,000 or $240,000. We disagree with his interpretation.

The dispositive issue in this appeal is one of statutory construction. In that regard, we abide by the guidelines set forth in *In re Hawaiian Telephone,* 61 Haw. 572, 577-78, 608 P.2d 383, 387 (1980):

> The fundamental objective in construction of statutes is to ascertain and give effect to the intention of the legislature. The intention of the legislature is to be obtained primarily from the languge contained in the statute itself. Accordingly, a basic tenet of statutory interpretation is that where the language of the law in question is plain and unambiguous, construction by this court is inappropriate and our duty is only to give effect to the law according to its plain and obvious meaning. On the other hand, where the language of a statute is ambiguous or of doubtful meaning, or where literal construction of the statute would produce an absurd or unjust result, clearly inconsistent with the purposes and policies the statute was designed to promote, judicial construction and interpretation are warranted and also the court may resort to extrinsic aids to construction. [Citations omitted.]

Applying those guidelines, we find no ambiguity in the definition of the word "case" as used in HRS § 802-5. It does not mean count, indictment, or complaint. It means what it says, "case," *i.e.,* all matters within the numbered criminal case.[6]

---

[4]The record in this case does not implicate Przeradzki's constitutional right to effective assistance of counsel. Since Przeradzki pled guilty and did not appeal her judgment of conviction, the limitation of King's fee for his services in the trial court to $3,000 will not have any effect on his representation of her in the trial court.

[5]The record in this case does not implicate any of King's constitutional rights.

[6]The question of allowable fees needs further study and action by the legislature, especially with respect to the following situations:
1. Where the maximum allowable fee will not purchase the constitutionally required effective assistance of counsel.
2. Where, because of a severance of counts, a successful motion for new trial, or a successful appeal, one case involves two or more trials.

To the extent that fee caps make it impossible for attorneys to collect reasonable fees, they are intentionally and necessarily unfair to attorneys. As long as defendant's or her attorney's constitutional rights are not implicated, however, the only law involved is the law of supply and demand.

King was appointed to represent Przeradzki in Criminal No. 59759. That is one case involving one indictment of 80 non-class A felony counts against Przeradzki. Under HRS § 802-5(b) the maximum fee payable to King for his services to Przeradzki in Criminal No. 59759 in the trial court is $3,000.

Accordingly, the award of $3,000 attorney fees to King is affirmed.

*Samuel P. King, Jr.* and *Adrienne S. King* (*King & King* of counsel) on the briefs for appellants.

*Russell A. Suzuki,* Deputy Attorney General, on the brief for appellee.

*Shirley Smith,* Deputy Prosecuting Attorney, for appellee.

---

3. Where one case involves a combination of one or more class A felonies, non-class A felonies, misdemeanors, or petty misdemeanors.

4. Where one case involves multiple alleged crimes committed at different times and places.